[No. 2,933.]

HENRY MYERS, ADMINISTRATOR OF THE ESTATE OF KATY FLORENCE MYERS, DECEASED, *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

EXEMPLARY DAMAGES FOR THE DEATH OF AN INFANT.—Under the Act of April 26th, 1862, a jury may award exemplary damages for the death of an infant by the wrongful negligence of another.

IDEM—INTERFERENCE BY COURT.—The discretion of the jury in fixing the amount of such damages should not be interfered with by the Court, except in cases of the most palpable abuse of such discretion.

MEASURE OF DAMAGES.—The infant daughter of M., seven years old, was run over and killed by a steam fire engine controlled by a servant of San Francisco.   In an action for damages M. obtained a verdict for five thousand dollars.   *Held*, that the damages assessed were not so excessive as to justify a presumption that the jury was misled by passion, prejudice, or ignorance.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff obtained a verdict and judgment for five thousand dollars, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*W. C. Burnett,* for Appellant, argued that where only negligence is shown, compensation for actual loss is all that can be recovered. (Sedgwick on Measure of Damages, Sec. 38.) The plaintiff only charges that defendant's servant was negligent and careless, not that there was malice or gross negligence. He also argued that the verdict was so excessive as to justify the presumption that the jury were influenced by passion and prejudice. (*Turner* v. *North Beach and Mission Railroad Company,* 34 Cal. 594.) The verdict was, therefore, an abuse of discretion.

*Quint & Hardy,* for Respondent, argued that exemplary damages are allowed under the statute, without any averment of malice or gross negligence. (*Oldfield* v. *N. Y. and H. R. R. Co.,* 14 N. Y. 314.) Also, that the verdict of the jury was not excessive, the jury having given what they deemed a just compensation. (*Railroad Company* v. *Barron,* 5 Wallace, 90, 104; Sherman & Redf. on Neg., Sec. 613; *Oldfield* v. *N. Y. and H. R. R. Co.* supra; *Bowler* v. *Lane,* 3 Met., Ky. 311; *Childs* v. *Drake,* 2 Met., Ky. 146; *Goodsell* v. *H. and N. H. R. R. Co.* 33 Conn. 51; *Murphy* v. *N. Y. and N. H. R. R. Co.* 29 Conn. 496; *Murphy* v. *N. Y. and N. H. Co.* 30 Conn. 184; *Soule* v. *N. Y. and N. H. R. R. Co.* 24 Conn. 575.)

By the Court, SPRAGUE, J.:

This is an action for damages under the statute of April 26th, 1862, entitled "An Act requiring compensation for causing death by wrongful act, neglect, or default."

The person whose death is alleged to have been caused by the negligence and carelessness of defendant's employé, was the infant daughter of plaintiff, about seven years of age, who, as is alleged, was run over and crushed to death by a steam fire engine while being driven at a furious and

dangerous rate of speed, and in a negligent and careless manner, the said engine being the property and under the control and management of defendant, and driven by its employé.

The questions of carelessness and negligence of defendant and the contributory negligence of the deceased infant, were fairly submitted to the jury, and, I think, the evidence fully justified the conclusion at which, from their verdict, they appear to have arrived.

The rule, or measure of damages claimed by appellant, is manifestly untenable under the statute.

The jury having determined that the death of the plaintiff᾽s intestate was caused by the wrongful negligence of defendant, the first section of the Act renders it liable to an action for damages; and the third section most clearly authorizes the jury, when such liability is established, to give damages beyond the pecuniary loss sustained by the next of kin. The language of the section is: "In every such action the jury may give such damages, pecuniary and exemplary, as they shall deem fair and just, and may take into consideration the pecuniary injury resulting from such death to the wife and next of kin of such deceased person."

The statute, then, having authorized the jury to give exemplary damages, when the death is caused by the simple negligence of defendant, the discretion of the jury in fixing the amount of such damages should not be interfered with by the Court, except in cases of most palpable abuse of such discretion. The statute supersedes the common law rule, and must control. Most of the States have statutes authorizing actions by personal representatives, or next of kin, of deceased persons against the person or corporation through whose simple or willful negligence the death was occasioned; but our statute, upon the matter of damages authorized, is essentially different, and less restricted than

any cognate statute of other States, so far as I am at present advised.

In New York and Connecticut the *maximum* of damages is limited to five thousand dollars, and in these States, as also in Pennsylvania, Ohio, Indiana, and Illinois, damages are required to be assessed with reference to the pecuniary injury. In Kentucky, by statute, if the death of a person, not an employé, be caused by the negligence or carelessness of the proprietor or proprietors of any railroad, the personal representative of such deceased person is authorized to institute suit and recover damages in the same manner that the person himself might have done for any injury when death did not ensue, and under this statute the Supreme Court of Kentucky holds that exemplary damages may be recovered. (*Bowler* v. *Lane*, 3 Met. R. 313.)

The damages assessed by the jury in this case, under the circumstances disclosed by the evidence, are not, in my judgment, so excessive as to justify a presumption that the jury was misled, either by passion, prejudice, or ignorance; hence their verdict should not be disturbed on the ground of abuse of their discretion.

Judgment and order affirmed.