HENRY BENNETT v. THE CITY OF MARION, Appellant

Municipal Corporations: EXEMPLARY DAMAGES. Exemplary damages cannot be awarded against a municipal corporation, except under express statutory authority.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

MONDAY, MAY 24, 1897.

ACTION for damages, on account of the discharge of sewerage from the defendant city into Indian creek, which creek crosses plaintiff's land, whereby the water of said creek is polluted and made unfit for use, to plaintiff's damage. There was a verdict and judgment for plaintiff, from which the defendant appealed.—*Reversed.*

*Richard A. Stuart* and *Jamison & Smyth* for appellant.

*Rickel & Crocker* for appellee.

GRANGER, J.—A suit between these parties for the same cause was determined in the superior court in September, 1894, in which the jury found for the plaintiff in the sum of three hundred dollars, and there was a special finding by the jury that the sewer as maintained was a nuisance. The plaintiff in this suit pleaded the judgment in that suit as a basis, as we understand, for exemplary damages in this suit, and the court instructed the jury that such damages might be awarded if the defendant, after such verdict,

and judgment, continued the flow from its sewer in wanton disregard of plaintiff's rights. The record presents the question if exemplary damages may be awarded against a municipal corporation. It may be conceded that the record in this case is such a one as would have fully warranted the instruction in a case where such damages are legally allowable. No case in this state is a direct authority on the subject. Such cases as *Ogg v. City of Lansing*, 35 Iowa, 495, and *Vanhorn v. City of Des Moines*, 63 Iowa, 447 (19 N. W. Rep. 293), in so far as they announce a principle touching the question, are against the right of such a recovery. While the rule of compensatory damages has been sustained against municipal and *quasi* municipal corporations in this state, and, in some cases, under very aggravated conditions, the right to exemplary damages against such corporations has not been thought a right. Mr. Dillon, in his work on Municipal Corporations (section 1020), says: *"Actual damages only can, in general, be recovered. The case would be exceptional, indeed, when the plaintiff could properly recover vindictive, or more than compensatory, damages."* Mr. Sutherland, in his work on Damages (section 412), says, "Municipal corporations cannot be subjected to vindictive damages." This is a well established rule in Illinois. *City of Chicago v. Kelly*, 69 Ill. 475. The same rule is announced in West Virginia. *Wilson v. City of Wheeling*, 19 W. Va. 323. The principle also has support in *Hunt v. City of Boonville*, 65 Mo. 620. See, also, Thompson, Neg., section 1265. The cases on the subject do not appear to be numerous. The references by the text writers are, generally, to the same cases. California seems to be an exception to the rule denying such damages, but it is because of a statute giving such damages in express terms. See *Myers v. San Francisco*, 42 Cal. 215. We have seen no case sustaining the rule of the instruction,

independent of express statutory provisions, and we think on principle, as well as authority, such damages are not allowable. The judgment will stand REVERSED.