BOARD OF COM'RS OF ROGERS COUNTY
v. BAXTER et al.

No. 15777—Opinion Filed Nov. 17, 1925.

(Syllabus.)

1. Counties—Presentation of "Accounts" Within Two Years—Statute Inapplicable to Claim Against County for Tort.

Section 5763, Comp. Stats. 1921, which provides that "no account against the county shall be allowed unless presented within two years after the same has accrued," is a special limitation upon the authority of the board of county commissioners to allow accounts against the county unless presented within two years, and does not require one who has a claim for damages against the county because of the wrongful excluding of him from possession of his real property to file his claim with the board of county commissioners as a prerequisite to maintaining his action in court for such damages.

2. Appeal and Error—Suspension of Trial Court's Jurisdiction—Limitation of Action After Reversal.

When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended and remains suspended until the mandate from the Supreme Court has regularly reached it and is spread upon its records. And the statute of limitation does not commence to run against a right of action resulting from the reversal of a case by the Supreme Court until the mandate of the Supreme Court is spread of record in the trial court from which the cause was appealed.

3. Appeal and Error—Review—Conclusiveness of Findings.

Where a cause is tried to the court without a jury, a general finding by the court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury.

4. Same—Sufficiency of Evidence.

Where a law action is tried to the court without the intervention of a jury, the judgment of the court will not be disturbed on appeal if there is any competent evidence reasonably tending to support such judgment.

5. Counties—Wrongful Taking of Land by Officers—Liability of County for Damages.

A county is liable in actual damages for the wrongful acts of its officers in taking real estate and appropriating the same to a lawful public purpose, where the county has not compensated the owner for the value thereof.

6. Same—Absence of Malice — Statutory Triple Damages not Allowable.

Section 6006, Comp. Stats. 1921, providing that "for forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of," does not authorize the recovery of triple damages from a county where its officers have taken private real property for the public use of the county, unless it is shown that such taking was done with malice, fraud, oppression or gross negligence.

7. Judgment Sustained.

Record examined; held, to support the judgment in favor of the plaintiffs.

Appeal from District Court, Rogers County; A. S. Wells, Assigned Judge.

Jennings, Hall & Battenfield and Edgar Anderson, County Attorney, for plaintiff in error.

West & Petry, Robson & Bayless, and Lydick, McPherren & Wilson, for defendants in error.

PHELPS, J. This opinion is written on a rehearing of this cause, and in view of the fact that we reach the same conclusion as that reached in the original opinion, much of the language and phraseology used therein are adopted here. The facts out of which this cause arose are substantially as follows:

The board of county comissioners of Rogers county granted to Kelly F. Gibson, on November 9, 1916, a franchise to build and operate a toll road in Rogers county. The grantee of the franchise acquired the right of way and constructed a toll road for the use of the public upon the payment of tolls. Thereafter several taxpayers, through the county attorney, appealed to the district court from the action of the board of county commissioners in granting the franchise. The trial of the cause in the district court resulted in setting aside the order granting the franchise, with directions to the county commissioners. Kelly F. Gibson made application to the district court, on March 17, 1917, to supersede the order of the court so that the rights of the parties would not be disturbed until the cause might be appealed and heard by the Supreme Court. The district court refused to supersede its judgment setting aside the order of the county commissioners granting the franchise. The county commissioners and other officers of the county took possession of the toll road

on March 19, 1917, from Kelly F. Gibson, the owner, over his protest, and continued in the possession and operation of the road until November 15, 1919. Gibson appealed from the action of the district court, in setting aside the order granting the franchise, to this court, where the cause was reversed and remanded on June 3, 1919. Gibson v. Rogers County, 75 Okla. 51, 181 Pac. 720. The mandate from the Supreme Court was lodged in the clerk's office of the district court of Rogers county and spread of record on September 22, 1919.

It appears that Kelly F. Gibson executed his deed, bearing date as of December 1, 1916, whereby he purported to convey all his rights, title, and interest in the toll road to the Chelsea-Claremore Toll Road Company. This deed was filed for record in the office of the county clerk of Rogers county after the decision by this court in the Gibson Case, and before mandate was issued and lodged in the clerk's office of Rogers county. It appears that the Chelsea-Claremore Toll Road Company, on November 15, 1919, sold and assigned all of its right, title, and interest in the toll road to Rogers county for the consideration named in the instrument. Kelly F. Gibson and the Chelsea-Claremore Toll Road Company commenced their action for damages against the board of county commissioners of Rogers county on September 2, 1921. The plaintiffs stated for their cause of action against the defendant:

First. That the deed executed by Kelly F. Gibson to the Toll Road Company did not amount to a sale of the property at the time it was executed; that the completion of the sale of the property did not take place until after the franchise question was settled by the Supreme Court in the Gibson Case; that the sale was not completed until after the decision in the Gibson Case, and until about the time the deed was filed for record after the date of the decision.

Second. That the action for damages was based upon the unlawful holding and use of the toll road by the county from the time of its taking by the county until the date of the sale of the toll road to the county on November 15, 1919, and also for damages resulting from the failure of the county during its unlawful use and possession to use reasonable care to maintain the road.

Third. That the contract of sale between the Toll Road Company and Rogers County merely assigned the property interest owned by the Toll Road Company to the county, and that the parties did not contemplate a settlement and compromise of the cause of action growing out of the unlawful holding of the road and its damage by the county.

The board of county commissioners caused an answer to be filed, wherein a general denial was made of all the allegations set forth in the petition of the plaintiffs. The county further pleaded the contract of sale as a full and complete settlement for the damages sued for in the action.

The action was tried to the court without a jury, which resulted in a judgment in favor of the plaintiffs and against the defendant, in which the court made somewhat exhaustive finding of facts and conclusions of law, which are incorporated in the record. Thereupon the plaintiffs filed their motion for triple damages, i. e., for damages in three times the amount found by the court as actual damages suffered by the plaintiffs, as provided by section 6006, Comp. Stats. 1921. The court denied this motion of the plaintiffs and rendered judgment for damages in favor of the latter for the actual amount shown to have been suffered by them.

The board of county commissioners appealed to this court from the judgment so rendered, and for reversal assign several specifications of error. They contend that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. The particular grounds upon which this assignment of error is rested, are:

That the plaintiffs did not present their claim to the board of county commissioners of Rogers county for their approval, or disallowance, within two years from the date the claims accrued, and their cause of action, if they had one, was barred by the statute of limitation.

They also contend that a county is not liable for the tortious acts of its officers.

They also contend that there is a defect of parties plaintiff. This error is rested upon the proposition that the deed from Kelly F. Gibson to the Toll Road Company bears a date prior to the time the county took possession of the toll road.

They also contend that the judgment of the trial court is contrary to the evidence.

They further contend that the judgment of the trial court is contrary to the law.

The appeal is styled here Board of County Comissioners of Rogers County v. L. W. Baxter, No. 15777. L. W. Baxter and other

plaintiffs perfected a cross-appeal from the action of the court in refusing to allow triple damages. The appeal is styled here Baxter et al. v. Board of County Commissioners of Rogers County, No. 15664. The two causes are here consolidated and considered together.

We will first consider the sufficiency of the petition upon the contention of the plaintiffs in error that the claim was not presented to the board of county commissioners for its approval or disallowance within two years after the same had accrued.

The plaintiffs, who are defendants in error here, admit that the claim was not presented to the board for allowance, but contend that it is a claim for the commission of a tort and that the statutes do not require the presentation of such claims to the board before action is commenced thereon.

Section 5763, Comp. Stats. 1921, provides that:

"No account against the county shall be allowed unless presented within two years after same accrued. * * *"

It will be observed that this section of the statute deals with the powers and duties of the county commissioners, and has nothing to do with the powers of the court to adjudicate a claim not presented to the board of commissioners for their allowance or rejection. As we view it, it is simply a limitation upon the powers of the county commissioners and is designed to prevent them from allowing stale claims. It will also be observed that the statute applies only to "accounts against the county" and does not include a cause of action not coming under the classification of an account. This clause of the statute became a part of our law when we enacted our statutes in 1890, which was copied from the Kansas statutes, and has been carried forward in the various revisions of our statutes without change, including our Comp. Stats. 1921, and prior to the enactment of this statute the Supreme Court of Kansas in Commissioners of Saline County v. Young, 18 Kan. 440, had this section under consideration in an action brought against the county to recover money due on return of tax certificates where taxes had been illegally collected, and expressly held that such a claim was not "an account against the county" which must be presented within two years in the contemplation of that section of the statute.

Words and Phrases define the word "account" as used in a general sense, as relating to a claim or demand, unless followed by

words of a restrictive nature, or unless it is apparent that it was not the intention to give the word a broad meaning.

7 Ruling Case Law, page 959, states that there is conflict among the authorities as to the necessity for submitting a claim based upon a tort to the board for allowance. Some cases hold that it is not necessary to present a claim based upon a tort to the board for allowance in order to maintain a suit thereon. See notes to 68 Am. Dec. 297, 39 L. R. A. 77; and 11 Cyc. 589, which states that in some jurisdictions the rule applies alike on all claims arising from tort and contract. Some of the cases which support the latter rule are: Schroader v. Colbert County, 66 Ala. 137; Barbour County v. Horn, 41 Ala. 114; McCann v. Sierra County, 7 Cal. 121.

The Court of Appeals of New York concludes that a claim for the payment of illegal taxes is not such a claim as comes within the statute which requires its presentation to the board before commencing action thereon. Kilbourne v. Board of Supervisors, 33 N. E. 159.

The Supreme Court of Nebraska, construing a statute similar to ours, decided that a claim for damages growing out of the wrongful taking of real estate by a county for a public use, was not such a claim as the statute required to be presented to the board for allowance in order to maintain a suit thereon. County of Douglass v. Taylor, 70 N. W. 27.

The Supreme Court of Idaho disposes of the question upon the ground that the statutes require only the presentation of those claims to the board which would require the exercise of discretion by the court in considering the validity of the claim. Drainage District v. Ada County, 226 Pac. 290.

It may be contended that a county should be given the opportunity to pay a claim without suit in order to avoid the costs and annoyance of litigation, but from experience and observation we reach the conclusion that it is not often the case that a claimant has any desire to bring suit against the county if there is any possibility of getting the claim paid voluntarily, and the record in this case abundantly justifies the conclusion that the claimants knew that it would be futile and useless to file a claim with the board of county commissioners, since the matter had been discussed between the claimants and the board of county commissioners and the board was thoroughly familiar with the claims of the claimants and the claimants were thoroughly familiar with the attitude and inclination of the board. There-

fore, under the state of facts disclosed by the record in this case, we have no difficulty in arriving at the conclusion that it was unnecessary for the claimants to file their claim before instituting this action.

It is the contention of plaintiffs in error that the cause of action of defendants in error, if they had such, was barred by the statute of limitation. The action of defendants in error followed from the reversal, by this court, of the case of Gibson v. Rogers County, supra. Whether this action was barred at the time the suit was commenced depended upon the date the statute of limitation commenced to run against the plaintiffs. It is material for us to determine whether the statute of limitation commenced to run from the date of the decision on June 3, 1919, or from the date the mandate was spread of record in the journal of the trial court, on September 22, 1919. This suit was commenced on September 2, 1921. The action was barred at the time the suit was commenced if the statute of limitation commenced to run from June 3, 1919.

The appeal of a cause to this court deprives the trial court of all jurisdiction pertaining to the cause until the mandate is duly sent from this court to the clerk of the trial court and spread of record in the trial court. In the case of Dooley v. Foreman, 94 Okla. 163, 221 Pac. 47, it was said:

"When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and remains suspended until the mandate from the Supreme Court has regularly reached it and is spread upon its records."

It is clear that any suit which might be commenced by the parties growing out of the reversal of a cause, prior to the time the mandate is spread of record, would be subject to such further orders and modifications as this court might make in the cause. The trial court should not be called upon to entertain a proceeding when the outcome may depend upon some subsequent action by the Supreme Court in the appealed cause. Any action filed as an outgrowth of an appeal, before the mandate reaches the trial court, might be destroyed or changed by further proceedings had in the cause in the Supreme Court. According to the rule applied in Dooley v. Foreman, supra, the statute of limitation did not commence to run against the plaintiffs in this suit until the mandate was spread of record in the trial court on September 22, 1919, and since this action is one for damages "for trespass upon real estate," the time for filing the action is limited to two years after the cause

of action shall have accrued by the third subdivision of section 185, Comp. Stats. 1921. Therefore, since the cause of action did not accrue until the filing of the mandate of this court in the district court, on September 22, 1919, and this cause having been filed on September 2, 1921, it was not barred by the statute of limitation as contended by plaintiff in error.

The board of county commissioners contend that the county is not liable for the tortious acts of its officers. The general rule is that the county is not liable for the tortious acts of its officers. Welker v. Annett, 44 Okla. 520, 145 Pac. 411; Whiteneck v. Board of County Commissioners, 89 Okla. 52, 213 Pac. 865. This rule of law rests upon the principle that a county is purely an auxiliary of the state, and is not liable for the tortious acts of its officers, unless expressly made liable for the wrong by the Constitution or legislative acts. James v. Trustee of Wellston Twp., 18 Okla. 56, 90 Pac. 100, 13 L. R. A. (N. S.) 1219. However, the Constitution of our state forbids municipalities to take property from private individuals or public institutions and devote the same to a public use without compensating the owner. The county is authorized by the Constitution to exercise the right of eminent domain to acquire the necessary property for public purposes. It is not the intention of the Constitution that one citizen of a county should furnish a public highway from his property, without compensation, for the benefit and use of the general public. This is a burden that should fall upon the public who use the road. The right to exercise the law of eminent domain is dependent upon the owner being compensated for the property taken from him for a public use. The Constitution imposes the requirement on the municipality, or the state, to compensate the owner for the property taken and appropriated to public use. The county is attempting to escape a burden placed upon it by the Constitution in asserting that it is not liable for the tortious acts of its officers in taking wrongful possession of the toll road. We think that no exception is made between municipalities and individuals in the requirement that owners should be compensated for all property taken and devoted to public or private use. The county falls within the exception made in the case of James v. Trustees of Wellston Twp., supra, and is liable for the tortious acts of its officers where it is guilty of taking property of a public service corporation and devoting the same to a public use. County of Douglass v. Taylor (Neb.) 70 N. W. 27.

In Coburn v. San Mateo County, 75 Fed. 520, in which a situation similar to the one at bar was under consideration, the court said:

"A county is liable for trespasses or damages done to private property by its officers, in the exercise of powers conferred for the benefit of the locality and its inhabitants, such as those relating to the opening and keeping open of roads, as distinguished from powers relating to the administration of the general laws and the enforcement of the general policy of the state.

"The adoption or ratification by a board of county supervisors of acts of trespass committed by one of its members, who is also ex officio a road commissioner, claiming to act in his official capacity, renders the county liable, although such acts were not authorized or ordered in advance.

"Where a member of a county board of supervisors in California, who was also ex officio a road commissioner, claiming to act in his official capacity, with the assistance of other citizens, repeatedly tore down a gate opening into private grounds, claiming that the road through such grounds was a public road by prescription or dedication, and thereafter the board of supervisors adopted a resolution declaring such a road a public road, and caused it to be surveyed and recorded as such, held, that this was an adoption or ratification of said supervisor's acts, and rendered the county liable for the trespasses committed by him."

To the same effect is Elbert County v. Brown (Ga.) 86 S. E. 651; Mitchell County v. Dickson (Ga.) 92 S. E. 405.

The board of county commissioners also made the contention that the contract entered into between the Toll Road Company and the former for the sale of the toll road to the county settled and compromised the wrongful taking, use, and damage to the road. With this contention we cannot agree. The written agreement recites that the Toll Road Company sells and conveys all its rights, title, and interest in the toll road to the county for the consideration therein named. The instrument does not indicate by its written terms that it was the intention of the parties to do more than to sell and convey the property in the toll road. The contention of the county amounts to an effort to modify a written contract by oral testimony—a contract which appears to be complete within itself. The county is forbidden by law to modify the contract, as written and signed, by parol testimony. If this issue was in the case, the general finding in favor of the plaintiffs carried a finding upon this particular issue against the county. There is sufficient competent evidence to support the general findings made in favor of the plaintiffs and against the defendants.

The board of county commissioners complains that there was a defect of parties plaintiff. The answer to this proposition is that if there was liability in the cause, it was in favor of one or the other of the plaintiffs. A judgment in favor of either plaintiff, without a cross-appeal by the other plaintiff, would conclude all parties involved in the action. The board of county commissioners does not raise the question that the liability in the cause, if any, was in favor of some person who was not joined as plaintiff. Aside from what has been said, the allegations of the petition may create some uncertainty as to which plaintiff suffered the damages, but since both plaintiffs joined in the action, this question is set at rest. If this be a defect, it is not such a one as may be raised by demurrer. Stiles v. City of Guthrie, 3 Okla. 23, 41 Pac. 383; Owen v. City of Tulsa, 27 Okla. 264, 111 Pac. 320; Winfield Town Co. v. Maris, 11 Kan. 128.

This is a law action and was tried to the court without the intervention of a jury. The rule is, in such cases, that a general finding by the court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury. The judgment in the appeal will not be disturbed, if there is any competent testimony which reasonably tends to support the verdict. Deming Investment Co. v. Love, 31 Okla. 146, 120 Pac. 635; Roberts v. Mosier, 35 Okla. 691, 132 Pac. 679; Sims v. Ward, 78 Okla. 72, 188 Pac. 884. The evidence offered in the trial of this cause on the part of the plaintiffs is sufficient to support the judgment of the court according to the foregoing rules; the conclusions we have already reached deny the contention of the plaintiffs in error that the judgment of the court is contrary to the law.

It is further contended by plaintiffs in error that the trial court erred in admitting certain testimony offered by plaintiffs and rejecting certain testimony offered by defendants, but an examination of the record convinces us that if errors were committed in this regard, they were not such errors as prejudiced the substantial rights of the defendants.

It is also contended that the trial court erred in refusing to allow defendants to amend their answer for the purpose of extending the issues so as to permit the introduction of certain evidence offered, which was by the court held incompetent under the issues as presented. The court refused

to allow such amendment upon the grounds that to do so would materially change the issues. This being such an amendment as was purely within the sound discretion of the court, defendants could not be heard to complain, unless it appears that in refusing defendants the right to amend the court abused its discretion, and an examination of the record clearly discloses that there was no such abuse of discretion as would furnish defendants just and legal grounds for complaint.

The plaintiffs, who are defendants in error here, assign as error in their cross-appeal the action of the court in refusing to render judgment in their behalf for triple damages, the statute upon which they rely being section 6006, Comp. Stats. 1921, and reading as follows:

"For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of."

They cite respectable authorities supporting their contention for triple damages, and we are not unmindful of the potency of the authorities cited in support of the contention that the allowance of statutory triple damages, which is in the nature of punitive damages, against municipalities for the wrongful or tortious acts of their officers is permissible. The theory upon which such damage is authorized is that it is in the nature of punitive damages to punish the wrongdoer, for the general benefit of society, where the wrongful acts are the result of malice, fraud, oppression, or gross neglect upon the part of the wrongdoer. Punitive damages are levied against the wrongdoer to restrain similar acts in the future, upon the part of the defendant or other persons. The active transgressors in this case were the officers of Rogers county; the action is against the county, and a judgment for punitive damages would fall upon the taxpayers of Rogers county, who were not the willful or active transgressors. The taxpayers cannot be said to be directly responsible for the injury suffered by the plaintiffs; it cannot be said from the record that the acts of the officers met with the approval of the citizens of that county. We think that the general sentiment among the citizens of Rogers county would be opposed to placing the burden upon one individual to furnish at his cost a public highway for the use and benefit of the citizenship of the county. The main reasons for levying punitive damages against the wrongdoer is absent in this case, as the action is not against the officers who committed the wrong. We might

take a different view of this question if the action were against the officers who committed the wrong. The county should be held to answer for the actual damages suffered by the plaintiffs, but a penalty should not be levied against a person other than the active wrongdoer who has been guilty of malice, oppression, etc., in the commission of the wrongful acts. The levying of a penalty against other than the wrongdoer would not act as a future restraint in the commission of similar acts, and could not be for the general benefit of society. Rhyne v. Turley, 37 Okla. 159, 131 Pac. 695; Williams v. Baldrey, 52 Okla. 126, 152 Pac. 814; Jones Leather Co. v. Woody, 67 Okla. 184, 169 Pac. 878.

Finding no prejudicial error in the record, the judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HUNT, CLARK, and RILEY, JJ., concur. LESTER and HARRISON, JJ., not participating.