## CITY OF LAWTON v. JOHNSTONE.

No. 16681—Opinion Filed June 22, 1926.

Rehearing Denied Jan. 25, 1927.

1. **Municipal Corporations—Negligent Operation of Sewage Disposal Plant—Nonliability to Landowner for Punitive Damages.**

The evidence in this record does not disclose that the negligence charged by plaintiff resulted from that degree of malice, fraud, or oppression which would authorize the recovery of punitive damages against the municipality.

2. **Same—Judgment Reversed.**

Record examined; held to be insufficient to support judgment against the municipality for punitive damages.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; Frank Mathews, Assigned Judge.

Action by Jennie B. Johnstone against the City of Lawton for actual and punitive damages. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed in part.

Owen Black and Chas. C. Black, for plaintiff in error.

Parmenter & Parmenter, for defendant in error.

Opinion by STEPHENSON, C. The defendant in error commenced her action against the city of Lawton for actual and punitive damages resulting from the operation of a sewerage disposal plant by the defendant. The trial of the cause resulted in judgment for the plaintiff in the sum of $500 actual damages and $1,292 punitive damages. The defendant has appealed the cause for review, and attacks the sufficiency of the record to support the judgment for punitive damages.

The defendant in error submits the propositions: That the municipality did not except to the instruction in relation to punitive damages in the way and manner provided by law, and that a sufficient assignment of the error was not made in the motion for new trial.

The jury returned separate verdicts for the different elements of damage. The motion for new trial assigned errors in that the verdict was not supported by sufficient evidence and was contrary to the law. The assignments in the petition in error and brief go more particularly to the question.

The action for punitive damages is against the municipality, and the burden of any judgment must fall on the citizens of the municipality. The government of the city is administered by the citizenship, through its representatives. An action for punitive damages will not lie, unless the wrongdoer is guilty of fraud, malice, or oppression in committing the acts which constitute the negligence relied upon. At most the citizens of Lawton are passive wrongdoers, according to the evidence contained in the record. The officers responsible for the administration of the affairs of the city were the active wrongdoers. We do not mean to say that a municipality would not be liable in any case for punitive damages for the wrongful acts of its officers. The citizens of a municipality may acquiesce in the negligent acts of its officers, and the continued wrongful administration of the affairs of the municipality to the point of being equally culpable with their agents in the continued wrongful acts.

A municipality may acquiesce in the wrongful acts of its agents, and permit the latter to pursue the wrongful conduct to the point where it becomes apparent that the wrong meets with the approval of the principal. In this situation, if the agent be guilty of fraud, malice, or oppression, in the commission of acts in relation to its agency, the burden will fall with equal weight on the principal. An action will then lie on the wrongful acts of the agents against the municipality for punitive damages.

The action of plaintiff in this case was for the impairment of her property as a place of habitation, and for rendering it less useful for agricultural purposes. The judgment for actual damages in the sum of $500 was for the impairment of the use of the property for the purposes intended for the preceding two years. The jury found by its verdict that the plaintiff had suffered actual damages in the sum of $500 on account of the property being made less serviceable as a place of habitation and for agricultural purposes. The jury also returned its verdict for $1,292 as punitive damages against the defendant. The object in allowing punitive damages is to restrain the defendant in the commission of other acts of like nature, and is allowed as much for the benefit of society as for the plaintiff.

This appears to be the third case of this nature growing out of the operation of the sewerage disposal plant by the defendant. It is likely that the three cases resulted from the same management, at about the

same time. The municipality should be allowed reasonable opportunity and time to correct any defective situation which gave rise to the acts complained about in this and other similar cases. If the municipality fails to provide the means to correct the matters complained about, and fails to cause its agents to operate the plant in the ordinary and usual way, and the breach of these duties results in injury to third parties, a different question will be presented from that now involved.

We think there is no evidence to support the separate verdict returned against the defendant for punitive damages. In this state of the record, the plaintiff in error has properly preserved and presented the error complained about. The evidence is sufficient to support the judgment for actual damages. Board of County Com'rs of Rogers County v. Baxter. 113 Okla. 280, 241 Pac. 752.

The judgment for actual damages is affirmed, and the judgment for punitive damages is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.