**NEWCASTLE PRODUCTS, Inc., v. SCHOOL DIST. OF BLAIR TP.**

**No. 8432.**

District Court, W. D. Pennsylvania.

April 8, 1936.

336

Henry A. Jones, of Pittsburgh, Pa., for plaintiff.

William H. Eckert and Smith, Buchanan, Scott & Ingersoll, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover compensatory and punitive damages by reason of an alleged unlawful conversion by defendant of plaintiff's goods and materials. The case is now before us on defendant's motion to dismiss for the reason that the jurisdictional amount required by law does not appear in the averments of the statement of claim.

In the statement of claim it is averred that the plaintiff is a corporation of the State of Indiana; that the defendant is a school district located within this district; that on August 2, 1932, the president and secretary of the board of school directors of the defendant district signed an order addressed to plaintiff, without authority, for the purchase of materials for a two-room portable school building for the price of $1,953, which was the fair market value thereof; that plaintiff accepted said offer and shipped on August 23, 1932, to defendant, at Hollidaysburg, Pa., the materials so ordered for said school building; that on August 30, 1932, defendant, unlawfully and in fraud of plaintiff's title and right of possession to said materials, took possession of the same and converted them into a two-room public school building which it uses; that defendant made payment of the freight charges on the materials aforesaid, also payment or payments on account of the purchase thereof; that the taking and appropriation of said materials by defendant was unlawful, willful, wanton, fraudulent, and oppressive; and that plaintiff was injured and damaged in the sum of $3,500.

The jurisdiction of this court depends on diversity of citizenship of the parties (which appears to be the fact from the averments of the statement of claim), and also that the amount involved is $3,000 exclusive of interest and costs. It was admitted at the argument that the amount involved, exclusive of punitive damages, was less than the jurisdictional amount required, but it was contended that defendant was responsible in punitive damages and that said damages were alleged in the statement of claim. The question for the court's decision under the motion is, whether a school district, a quasi municipal corporation, in the performance of a governmental duty can be held liable under the facts averred in the statement of claim for punitive damages. The question of the liability of a municipal corporation, or a quasi municipal corporation, for punitive damages has not been passed upon by the appellate courts of Pennsylvania. There is dicta indicating such liability by municipal corporations. Armstrong & Latta v. City of Philadelphia, 249 Pa. 39, 94 A. 455, Ann. Cas.1917B, 1082; Spencer v. Carlisle Borough, 63 P.S.C.R. 513. See Hermits of St. Augustine v. County of Philadelphia, Brightly N.P.(Pa.) 116; Howell v. Borough of West Chester, 26 Lanc.Law Rev.(Pa.) 201. School districts in Pennsylvania are not liable for the negligence of its officers and agents. Brinton v. School District of Shenango Township, 81 P.S.C.R. 450.

The great weight of authority outside of Pennsylvania is to the effect that municipal corporations are not liable for punitive damages. See 1 Sedgwick on Damages (9th Ed.) 743; Hunt v. City of Boonville, 65 Mo. 620, 27 Am.Rep. 299; Costich v City of Rochester, 68 App.Div. 623, 73 N.Y.S. 835; Chicago v. Martin, 49 Ill. 241, 95 Am.Dec. 590; Bennett v. City of Marion, 102 Iowa, 425, 71 N.W. 360, 63 Am. St.Rep. 454. In the Iowa case the Supreme Court of that state said: "The record presents the question if exemplary damages may be awarded against a municipal corporation. It may be conceded that the record in this case is such a one as would have fully warranted the instruction in a case where such damages are legally allowable. No case in this state is a direct authority on the subject. Such cases as Ogg v. City of Lansing, 35 Iowa, 495 [14 Am.Rep. 499], and Vanhorn v. City of Des Moines, 63 Iowa, 447, 19 N.W. 293 [50 Am.Rep. 750], in so far as they announce a principle touching the question, are against the right of such a recovery. While the rule of compensatory damages has been sustained against municipal and quasi municipal corporations in this state, and, in some cases, under very aggravated conditions, the right to exemplary damages against such corporations has not been thought a right. Mr. Dillon, in his work on Municipal Corporations (section 1020), says: 'Actual damages only can, in general, be recovered.

The case would be exceptional, indeed, when the plaintiff could properly recover vindictive, or more than compensatory, damages.' Mr. Sutherland, in his work on Damages (section 412), says, 'Municipal corporations cannot be subjected to vindic-' tive damages.' This is the well established rule in Illinois. City of Chicago v. Kelly, 69 Ill. 475. The same rule is announced in West Virginia. Wilson v. City of Wheeling, 19 W.Va. 323 [42 Am.Rep. 780]. The principle also has support in Hunt v. City of Boonville, 65 Mo. 620 [27 Am.Rep. 299]. See, also, Thomp.Reg., § 1265. The cases on the subject do not appear to be numerous. The references by the text writers are, generally, to the same cases. California seems to be an exception to the rule denying such damages, but it is because of a statute giving such damages in express terms. See Myers v. San Francisco, 42 Cal. 215. We have seen no case sustaining the rule of the instruction independent of express statutory provisions, and we think on principle, as well as authority, such damages are not allowable." Compare City of Covington v. Faulhaber et al., 178 Ky. 586, 199 S.W. 32; City of Lawton v. Johnstone, 123 Okl. 145, 252 P. 393.

I am in accord with the above rule. The liability of municipal corporations for the acts of its agents and officers should be limited to compensatory damages. There is a strong reason for applying this rule to quasi municipal corporations in the exercise of governmental functions.

District Courts are courts of limited, not of general, jurisdiction. The presumption is that a cause is without its jurisdiction until the contrary appears. Turner v. Bank of North America, 4 Dall. 8, 11, 1 L.Ed. 718; Scott v. Sandford, 19 How. 393, 401, 402, 15 L.Ed. 691.

I am of the opinion that the facts averred in the statement of claim do not aver a dispute or controversy which is really and substantially within the jurisdiction of this court. Judicial Code § 37, 28 U.S.C. § 80 (28 U.S.C.A. § 80).

It was agreed at the time of the argument of the motion now before the court that it should be considered as a motion to dismiss for want of jurisdiction. I am of the opinion that the motion should be thus amended, and after amendment that an order should be prepared directing a dismissal of this suit.