BOARDS OF COUNTY COMMISSIONERS — CONTRACTS WITH HIGHWAY DEPARTMENT — INDEMNITY AGREEMENTS It is not within the explicit or implied powers of a Board of County Commissioners to agree to hold harmless the State Department of Highways from any liability arising from services performed by the Department pursuant to 69 O.S. 304 [69-304] (1975), nor is such indemnity agreement incidentally necessary to the performance of such services. The State Department of Highways does not have authority to require a subdivision of the State to agree to an indemnity provision in a contract made pursuant to said statute, however, it is discretionary with the Department to enter into an agreement to furnish the services provided thereby. If a contract for such services is entered into, denial of any technical supervision provided thereby, without anything more, would constitute a breach thereof. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Is it within the powers of the Board of County Commissioners to enter into a contract with the State Highway Department, the designated State Agency to receive and disburse Federal funds for the building of roads and bridges, agreeing to save the State Highway Department harmless from any liability accruing from the Department's acts and on-site supervision in connection with a construction program within its jurisdiction? "2. Other than its powers to contract, does the State Highway Department have the authority by law, or regulation having the force of law, to require a Subdivision of State to agree to save said Department harmless or, in the alternative, having undertaken contracting procedures, deny technical supervision ?" Your request states that in the performance of work on the county highway system with funds made available by the federal government, the State Department of Highways is the formal contracting officer, soliciting the bids and supervising the project, which thereby requires the presence of state employees and personnel at the work site. The pertinent parts of the proposed contracts between the Board of Commissioners and the State Department of Highways which give rise to your questions provide, in effect, that the Commissioners indemnify the Department for any liability resulting from the construction. The authority of the Board of County Commissioners to enter into contracts with the State Department of Highways for such work projects is provided by 69 O.S. 304 [69-304](e)(f)(g) (1975), which states as follows: "(e) Any political or governmental subdivision or any public or municipal corporation of this state shall have the authority to enter into contracts through or with the Commission to enable them to participate in all the benefits to be secured from federal aid funds, or funds made available from the federal government to be used on roads and streets. The Commission may negotiate and enter into contracts with the federal government, or any of its constituted agencies, and take all steps and proceedings necessary in order to secure such benefits for such political or governmental subdivisions or public or municipal corporations. "(f) The Commission, on behalf of the state, and any political or governmental subdivision or public or municipal corporation of this state shall have the authority to enter into agreements with each other respecting the planning, designating, financing, establishing, constructing, improving, maintaining, using, altering, relocating, regulating or vacating of highways, roads, streets or connecting links. "(g) The Commission shall have authority to act in an advisory capacity, upon request, to any political or governmental subdivision, or public or municipal corporation of this state in matters pertaining to the planning, locating, constructing and maintaining of roads, highways and streets and other related matters. The Commission, in such instances, may provide services and may cooperate with such subdivisions and corporations on such terms as may be mutually agreed upon." Neither the statutes authorizing such cooperative construction and assistance, nor the explicitly authorized powers of the Boards of County Commissioners, as enumerated at 19 O.S. 3 [19-3] and 19 O.S. 339 [19-339] (1971), contain express authorization for the county, or its Board of Commissioners to defend, indemnify, or hold harmless, its agents, servants, employees, or any entity, whether public or private, with which it might contract. The general rule regarding the powers of counties is that counties have only those powers which are expressly granted to them by legislative or constitutional provision, or those implied from the ones expressly granted, or those essential to carrying out the declared objects and purposes of the county. County Commissioners have no contractual powers implied from the mere nature of their office, but they do have such implied powers as are incident and necessary to the performance of powers expressly granted and duties expressly enjoined upon them. 56 Am.Jur.2d Municipal Corporations, et seq., 493, page 543 (1971). Thus, it must be determined whether holding the State Department of Highways harmless from liability is implicit from the express powers of the Board of County Commissioners, or that such indemnification agreement is incidental and necessary to the performance of such work projects. In Allen v. Board of Commissioners of Pittsburg County, 28 Okl. 773, 116 P. 175 (1911), the Court stated as follows: "It is a settled rule that the grant of powers of boards of county commissioners must be strictly construed, because when acting under special authority they must act strictly on the conditions under which the authority is given; that they can exercise only such powers as are especially granted, or as are incidentally necessary for the purpose of carrying into effect such powers; and where the law prescribes the mode which they must pursue in the exercise of such powers, it, as a rule, excludes all other modes of procedure." (Authorities cited) (page 175) In the absence of a statutory or constitutional provision creating a liability for damages resulting from wrongful acts or omissions of their offices, or those they are obliged to employ, in the performance of their public duties, neither a county, nor the Department of Highways is liable therefore. See Chicago R. I. P. R. Co. v. Board of County Commissioners of Stephens County, Okl., 389 P.2d 476, 477 (1964), and Jack v. State, 183 Okl. 375, 82 P.2d 1033 (1937). No statutory or constitutional provision exists which imposes tort liability upon a county or the State Department of Highways. Therefore, an agreement for a Board of County Commissioners to hold the State Highway Department harmless from any such liability would be a useless and vain requirement. Further, although both a county and the State Department of Highways may be liable for damages to private property for a public use see Board of Commissioners of Rogers County v. Baxter, 113 Okl. 280,241 P. 752 (1925), and State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okl. 605, 105 P.2d 234
(1940), no authority, either express or implied, exists for the Board of County Commissioners to indemnify the State Department of Highways for any liability in regard thereto. Accordingly, your first question is answered in the negative. There is no express authority, nor implied authority from the express powers granted, for a Board of County Commissioners to hold the State Department of Highways harmless from liability in connection with the latter doing all the things necessary to secure federal funds to be used on the county highway system. Accordingly, such an indemnity provision not being incidentally necessary to carry out such task, a Board of County Commissioners does not have authority to agree to save the State Department of Highways harmless from any liability arising from such work project. In answer to your second question, there is no authority, statutory or otherwise, for the State Department of Highways to require a subdivision of the State to save the former harmless. As to that part of your second question regarding whether such technical supervision may be denied to the beneficiary subdivision, the phraseology of the authorizing statute (69 O.S. 304 [69-304] (1975)) is not obligatory with respect to providing the authorized services to the subdivision, and, accordingly, the Department is not required to enter into agreements provided thereby. If, however, an executory contract exists between the State Department of Highways and a subdivision of the State, the Department would be bound by all the valid provisions thereof, and, generally, could not deny technical supervision without breach of such contract. It is, therefore, the opinion of the Attorney General that each of your questions be answered in the negative. It is not within the explicit or implied powers of a Board of County Commissioners to agree to hold harmless the State Department of Highways from any liability arising from services performed by the Department pursuant to 69 O.S. 304 [69-304] (1975), nor is such indemnity agreement incidentally necessary to the performance of such services. The State Department of Highways does not have authority to require a subdivision of the State to agree to an indemnity provision in a contract made pursuant to said statute, however, it is discretionary with the Department to enter into an agreement to furnish the services provided thereby. If a contract for such services is entered into, denial of any technical supervision provided thereby, without anything more, would constitute a breach thereof. (HAROLD B. McMILLAN, JR.) (ksg)