**W. H. NIXON and Bertha Nixon, husband and wife, Appellees,**

v.

**OKLAHOMA CITY, a Municipal Corporation, Appellant.**

**No. 47125.**

Supreme Court of Oklahoma.

Nov. 2, 1976.

**1284**

Thomas A. Bamberger, Oklahoma City, for appellees.

Walter M. Powell, Municipal Counselor, Russell D. Bennett, Asst. Municipal Counselor, Oklahoma City, for appellant.

IRWIN, Justice:

W. H. and Bertha Nixon (Nixons) recovered judgment for actual and punitive damages against the City of Oklahoma City (City) for the negligent operation of its municipal sewer system. City appealed. The Court of Appeals affirmed. City seeks certiorari solely on the grounds that the award of exemplary damages is contrary to law.

Nixons contend the award is sustained by *City of Lawton v. Johnstone,* 123 Okl. 145, 252 P. 393 (1925). In *Johnstone,* the Court reversed judgment for punitive damages against City of Lawton for the operation of its sewerage disposal plant. The Court ruled that the evidence was insufficient to sustain an award of punitive damages; the implication being that had Johnstone's evidence been sufficient, exemplary damages could have been recovered under Oklahoma law.

City argues that the *Johnstone* case does not hold that exemplary damages are recoverable against a municipality, and, if it expresses any position, the language is dicta. City calls our attention to an earlier case, *Board of Commissioners of Rogers County v. Baxter,* 113 Okl. 280, 241 P. 752 (1923), which it contends held that exemplary damages are not recoverable against a governmental subdivision. The *Baxter* case involved the taking of a private toll road or highway by the Commissioners of Rogers County. The *Baxter* opinion upheld the trial court's refusal to award statutory treble damages against Rogers County to the extent the award exceeded the actual injury of the plaintiff.

City points out that the Court in *City of Lawton v. Johnstone,* supra, expressly stated that it was following the rule as set down in the *Baxter* decision. In the alternative City suggests the issue is undecided in Oklahoma and that the better rule, indeed the majority rule, is that exemplary damages may not be recovered against a governmental subdivision.

We find no inconsistencies between the *Baxter* and *Johnstone* decisions. The *Baxter* opinion contains an adequate statement of the policy supporting the common law reluctance to impose exemplary damages on governmental subdivisions.

" * * * a judgment for punitive damages would fall upon the taxpayers of Rogers county, who were not the willful or active transgressors. The taxpayers cannot be said to be directly responsible for the injury suffered by the plaintiffs. It cannot be said from the

record that the acts of the officers met with the approval of the citizens of that county. We think that the general sentiment among the citizens of Rogers county would be opposed to placing the burden upon one individual to furnish at his cost a public highway for the use and benefit of the citizenship of that county."

The *Baxter* decision does not hold, as argued by City, that exemplary damages are not recoverable against a governmental subdivision. *Baxter* simply states that it is improper to impose exemplary damages unless the citizens of the governmental unit are in some real sense participants in the wrongful conduct. As we read the *Johnstone* case, supra, it does not authorize or impose exemplary damages in all cases, rather it is an extention of the *Baxter* rationale. In *Johnstone,* the Court said:

"The action for punitive damages is against the municipality, and the burden of any judgment must fall on the citizens of the municipality. The government of the city is administered by the citizenship, through its representatives. An action for punitive damages will not lie unless the wrongdoer is guilty of fraud, malice, or oppression in committing the acts which constitute the negligence relied upon. At most, the citizens of Lawton are passive wrongdoers according to the evidence contained in the record. The officers responsible for the administration of the affairs of the city were the active wrongdoers. We do not mean to say that a municipality would not be liable in any case for punitive damages for the wrongful acts of its officers. The citizens of a municipality may acquiesce in the negligent acts of its officers and the continued wrongful administration of the affairs of the municipality to the point of being equally culpable with their agents in the continued wrongful acts."

■ The views expressed in *Johnstone* are an exception to the common rule that exemplary damages are under no circumstances recoverable against a governmental subdivision. 19 A.L.R.2d 903, "Recovery of Exemplary or punitive damages from Municipal Corporations." Under *Johnstone,* a municipality may not be held liable for exemplary damages without adequate evidence to demonstrate that the citizenry of the municipality had acquiesced in the wrongful conduct to the point that reasonable men would agree that the citizens had condoned or approved the wrongful conduct. *Johnstone* was an attempt to shield the taxpaying public from the economic burden of damages unrelated to any injury actually sustained by the plaintiff, and yet leave open the possibility of recovery in the most flagrant cases.

■ The law allows the recovery of money over and above the actual loss of the offended party because as a matter of policy the punishment of the transgressor may serve as an example to the rest of society that conduct of a similar kind will not be allowed. The complaining party is allowed to recover exemplary damages not because his position is meritorious, but because society is benefited by deterring similiar conduct. *Oller v. Hicks,* Okl., 441 P.2d 356 (1967). If no social benefit is to be derived from the imposition of exemplary damages, all legal justification for the award collapses.

A majority of jurisdictions do not permit the recovery of exemplary damages from governmental subdivisions including municipalities. 19 A.L.R.2d 903. The rational of most courts being that while the public is benefited by the exaction of such damages against a malicious, wilful, or reckless wrongdoer, and since this acts as a deterrent to future wrongful acts on the part of the transgressor, the benefit does not follow when the public itself is penalized for the acts of its agents over which it is able to exercise but little direct control.

■ Were exemplary damages to be awarded against a governmental subdivision, the persons punished would. be the taxpaying public. The very persons we seek to "benefit" by example are the ones who bear the financial responsibility for compensating the injured individual for his actual loss, and, were we to permit it, the

responsibility for the satisfaction of the exemplary damages award. The function of exemplary damages is not served by requiring taxpayers to pay damages in excess of the actual loss. An additional award of exemplary damages would serve no useful purpose of the law. To the extent that the previous opinions of this Court in the *Baxter* and *Johnstone* cases are in conflict with the views expressed in this opinion, they are overruled.

City, in its Petition for Writ of Certiorari attacks no aspect of this case relating to the judgment against it for actual damages or the affirmance thereof by the Court of Appeals. The Court expresses no views with respect to issues resolved by the opinion of the Court of Appeals, such as the application of the doctrine of collateral estoppel, and which are not raised in this Court.

█ Writ of Certiorari granted; Opinion of the Court of Appeals vacated as it relates to the award of exemplary damages; Judgment of the trial court for exemplary damages reversed.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.