The CITY OF MITCHELL, Davison County, South Dakota, a Municipal Corporation, Plaintiff and Appellee,

v.

Arlyne W. BEAUREGARD and Dale Knox, Defendants and Appellants.

·No. 15807.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1988.

Decided Oct. 26, 1988.

Carl J. Koch, Mitchell, for plaintiff and appellee.

Don E. Petersen and E. Steeves Smith and James A. Miskimins, Legal Intern of Tinan, Smith & Taylor, Mitchell, for defendants and appellants.

TALBOTT, Circuit Judge.

Defendants appeal from a jury verdict and judgment given in their favor in a condemnation proceeding. We affirm.

## FACTS

City of Mitchell (City) commenced a condemnation proceeding against Stanley N. Beauregard (Stanley) and Arlyne W. Beauregard (Arlyne) in 1973. In view of pending negotiations, City proceeded to make the improvements on the condemned easement. Trial was not held until January 1987.

Stanley died after the commencement of the proceedings. Stanley and Arlyne's attorney suggested that Arlyne and Dale Knox (Knox) were proper parties defendant. After a February 22, 1984 hearing, the trial court substituted Arlyne and Knox as the proper parties defendant.

## ISSUE I

WHETHER PUNITIVE DAMAGES MAY BE RECOVERED AGAINST A MUNICIPAL CORPORATION IN CASES INVOLVING THE EXERCISE OF EMINENT DOMAIN.

■ Defendants counterclaimed for punitive damages. In a pretrial motion, City moved to strike defendants' claim for punitive damages because 1) punitive damages against municipalities are against public policy, and 2) defendants failed to comply with SDCL 21–1–4.1 which provides:

> In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against.

The trial court ruled that there is no authority to authorize punitive damages against a municipal corporation. The record before us is void of any attempts to effect compliance with SDCL 21–1–4.1 and the trial court never entered the required finding. We need not determine the correctness of the trial court's ruling on the applicability of punitive damages against a municipal corporation; manifestly, the trial court's ruling in striking defendants' puni-

tive damage claim was correct for the reason of the non-compliance with SDCL 21–1–4.1. We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding. *Citizens First Nat. Bank v. Hoyt*, 297 N.W.2d 329 (Iowa 1980). *Cf. Seymour v. Western Dakota Voc. Tech. Institute*, 419 N.W.2d 206 (S.D.1988).

## ISSUE II

WHETHER JOINDER OF KNOX AS A PARTY DEFENDANT AFTER THE ENACTMENT OF SDCL 21–35–23 ENTITLES HIM TO ATTORNEY FEES.

█ Knox seeks to bring himself within the purview of SDCL 21–35–23 which allows condemnees, under certain circumstances, reasonable attorney fees and compensation for not more than two expert witnesses:

> If the amount of compensation awarded to the defendant by final judgment in proceedings pursuant to this chapter is twenty percent greater than the plaintiff's final offer which shall be filed with the court having jurisdiction over the action at the time trial is commenced, and if that total award exceeds seven hundred dollars, the court shall, in addition to such taxable costs as are allowed by law, allow reasonable attorney fees and compensation for not more than two expert witnesses, all as determined by the court.

At the time defendants Arlyne and Stanley applied to have Knox substituted as a party defendant, their attorney's affidavit represented that after Stanley's death Knox acquired an interest in the realty sought to be condemned. We are aware that trial testimony indicated Knox's title interest pre-dated the commencement of the action; however, the trial court authorized substitution of Knox as a party based upon the representation in the affidavit.

Substitution of parties is provided for by statute. SDCL 21–35–3 authorizes amendments to the condemnation petition to bring in a proper party defendant who may have been omitted from the petition. The amendments have the same effect as though contained in the petition and notice. Additionally, SDCL 15–6–25 provides for substitution of parties.

Knox became a substituted party defendant on February 22, 1984. The effective date of SDCL 21–35–23 was July 1, 1983. The statute has its source in Chapter 170, South Dakota Session Laws of 1983, Section 3 of which provides: "The provisions of this Act apply to all eminent domain proceedings commenced *on or after July 1, 1983.*" (emphasis supplied). This condemnation proceeding commenced on December 10, 1973. It necessarily follows that the trial court did not err in denying Knox the benefit of this statute.

## ISSUES III AND IV

WHETHER THE JURY VERDICT MUST BE SET ASIDE DUE TO UTILIZATION OF AN IMPROPER MEASURE OF DAMAGES (III) AND WHETHER THE JURY VERDICT MUST BE SET ASIDE AS NOT SUPPORTED BY THE EVIDENCE (IV).

█ Defendants contend that the evidence offered by City was not probative of the correct measure of damages and that the jury's verdict was not within the scope of the evidence. We hold that defendants did not preserve these matters on the record so as to enable this court to engage in appellate review of these issues.

SDCL 15–6–59(a) provides in part:

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

> \*     \*     \*     \*     \*     \*

> (6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;

SDCL 15–26A–8 provides:

Such of the matters specified in subdivisions (6) and (7) of § 15–6–59(a) as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, or objection may be reviewed on

appeal from the judgment without necessity for an application for new trial.

The record does not reflect any motion for directed verdict or any other apt motion, offer, or objection to any pertinent jury instruction that would preserve defendants' right to appeal on this issue. We may not review this contention in this case. Insufficiency of the evidence may not be reviewed unless it has been timely presented to the trial court by a proper motion for a directed verdict, request for findings, or other apt motion, offer, objection, or exception. SDCL 15–6–59(a); SDCL 15–6–59(f); SDCL 15–26A–8; *Pearson v. Adams*, 279 N.W.2d 674 (S.D.1979).

The judgment is affirmed.

MORGAN, SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs specially.

TALBOTT, Circuit Judge, sitting for WUEST, C.J., disqualified.

HENDERSON, Justice (specially concurring).

To those facts, cited in the majority, these facts are noted for further understanding in this case: Between August 1973 and August 1975, the City constructed a sewer line across the would-be easement. Settlement negotiations apparently went on from the filing of the summons and complaint on December 10, 1973, through February 7, 1984.* If settlement negotiations were unfruitful, it would appear to any reasonable person, schooled in the law, or layperson, that this matter should have been resolved in far less than fourteen years. However, as noted in the footnote, an Answer and Counterclaim triggered some action in this case. This consisted of a motion for a change of venue and a motion to substitute parties. Then, about three more years of delay set in and the case was finally tried to a jury on January 12 and 13, 1987.

A verdict of $3,800 was granted for the taking (easement) and $625 "for use of the easement" since 1974. Below, the $625 award was struck as being a duplication, but the trial court held that appellants were entitled to interest. It was the trial court's rationale that the $625 award be set aside, due to the trial court's allowance of prejudgment interest. The trial court did not want to award a monetary amount for the same damage. A claim for attorneys fees, expenses, sales tax, and expert witness fees were all denied by the trial court. A judgment for $3,800 was awarded below, together with an accumulated interest of $6,479, plus allowable taxable costs of $166.42. Interest was to accumulate on the judgment from its entry date of February 1, 1987.

We are confronted with the issues as set forth by the majority opinion. I agree with the result of the majority opinion and concur in it, subject to the substantive legal position I specially write upon.

It is my opinion that the trial court's ruling on denying punitive damages against a municipal corporation per se, namely, Mitchell, South Dakota, is correct. Overwhelming authority, throughout the United States, substantiates the trial court's decision. Annot., 1 A.L.R. 4th 448, 454–59 (1980).

Punitive damages are established for the purposes of setting a public example. Were the taxpayers required to bear the burden of a punitive award, the law would be self-defeating. Taxpayers should not bear the burden of a punitive award, for they are the identical group (the people) who are expected to benefit from the public example which the punishment births as a result of the wrongdoers' acts. *Chappell v. City of Springfield*, 423 S.W.2d 810 (Mo. 1968); *Nixon v. Oklahoma City*, 555 P.2d 1283 (Okla.1976).

There seems to be no social benefit derived from an imposition of exemplary damages against the general public. In 18 E. McQuillin, *The Law of Municipal Cor-*

*porations* § 53.18a, at 220–21 (3d rev. ed. 1984), a general summary of reasons is set forth as to why punitive damages are not recoverable from municipal corporations. Nonexistence of deterrence is one major reason. Therefore, unlike the majority opinion, I would address the chief substantive issue which bottomed the trial court's decision. Having made this quantum leap, *i.e.*, that municipal corporations are not subject to an award of exemplary or punitive damages against them, as did the trial judge, like he, I would not proceed with any hearing to determine whether there was any "clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against." SDCL 21–1–4.1. Incidentally, the language so far as the proof is concerned, in the latter statute, is very difficult to follow, for it seems to establish two platforms of proof. However, this is dreaded obiter dicta, and should be left for another sunny day in the world of civil jurisprudence.

