WELKER v. ANNETT *et al., Board of Com'rs of Pawnee County.*

No. 3853.  Opinion Filed December 22, 1914.

(145 Pac. 411.)

1. **COUNTIES — Damages — Liability — Statute — "County."** A county is purely an auxiliary of the state, and is not subject to a liability which is neither expressly nor impliedly imposed by statute.

2. **SAME—Eminent Domain — Constitutional Law — Liability — Dipping Cattle.** A county is not liable for purely consequential damages resulting from a tort committed by its board of county commissioners in neglecting to provide a dipping pen and to retain in such pen until dry cattle (including plaintiff's own) dipped by it for the eradication of ticks (**Morgaropus annulatus**), as required by Sess. Laws 1910-11, pp. 255, 256, c. 115 (sections 29-32, Rev. Laws, 1910), in a vat provided by it, with plaintiff's consent, upon his premises, before allowing such cattle to go thence onto plaintiff's grass and into his field of fodder, upon which they deposited "dip," from which

seven head of plaintiff's cattle, upon eating, were poisoned and died.

(a) This does not show a taking or damaging of private property for public use without just compensation within the inhibition of section 24, art. 2 (Williams' Ann. Ed., sec. 32), of the Constitution.

(Syllabus by Thacker, C.)

*Error from District Court, Pawnee County;*

*L. M. Poe, Judge.*

Action by James A. Welker against Walter Annett and others, the Board of County Commissioners of Pawnee County. Judgment for defendants, and plaintiff brings error. Affirmed.

*Orton & McNeill,* for plaintiff in error.

*Redmond S. Cole,* Co. Atty., for defendants in error.

Opinion by THACKER, C. Plaintiff in error was plaintiff and defendant in error was defendant in the trial court, and this is an appeal by plaintiff from a judgment upon a sustention of defendant's demurrer to his petition, alleging damages sustained in the death of seven head of cattle caused by their eating fodder and grass upon which a "dip" employed by the defendant county through its commissioners to eradicate ticks *(Morgaropus annulatus)* had been deposited by cattle "dipped" in a vat erected with plaintiff's permission upon his premises and allowed to go thence into the plaintiff's field of such fodder and grass without first "dripping" until dry in a pen which should have been, but was not, provided therefor by the defendant.

Under Sess. Laws 1910-11, pp. 255, 256 (sections 28-32, Rev. Laws 1910), and the rules and regulations of the State Board of Agriculture authorized by these statutes, it was the duty of the defendant county to erect said vat and to have erected said omitted pen, to "dip" the said cattle, and allow them to "drip" and "dry" in a pen before discharging them to

run at large, so as to prevent the poisoning of other animals or themselves from such "dip."

The only question in this case is as to whether the defendant county is liable in an action for damages on account of the negligent and tortious act of its officers in the discharge of their ministerial duty in this regard.

The rule announced and the reasoning as to the dual character of such political or civil divisions of a state in the case of *Liberty Township v. Rock Island Township, ante,* 144 Pac. 1025, is applicable here.

As stated in 1 Dillon, Municipal Corporations (5th Ed), sec. 37 (25), as to counties:

"They are involuntary political or civil divisions of the state, created by general laws to aid in the administration of government. * * * They are purely auxiliaries of the state; and to the general statutes of the state they owe their creation, and the statutes confer upon them all the powers they possess, prescribe all the duties they owe, and impose all the liabilities to which they are subject.".

See 11 Cyc. 497-500; *Board of County Commissioners of Greer County v. Watson,* 7 Okla. 174, 54 Pac. 441; *Howard v. Rose Twp. of Payne County et al.,* 37 Okla. 153, 131 Pac. 683.

This action is upon a tort, and the foregoing authorities show that the county is not liable thereon.

It is contended, however, that the petition shows a taking or damaging of private property for public use without just compensation within the inhibition of section 24, art. 2 (Williams' Ann. Ed., sec. 32) of the Constitution; but, as the damages are purely consequential, and not the direct and immediate result of the tortious act of the defendant, we cannot give our assent to this proposition. 4 Dillon, Municipal Corporations (5th Ed.) sec. 1680 (992).

For the reasons stated, the judgment in this case should be affirmed.

By the Court: It is ordered.