## BOARD OF COM'RS OF SEMINOLE COUNTY v. BARKER.

No. 16744—Opinion Filed Sept. 14, 1926.

### Counties—Bridge Construction—Negligence —Nonliability.

In this state counties are merely quasi municipal corporations charged by law with certain governmental and administrative functions as state agencies, and as such are not liable in damages for negligence in the construction of a bridge, which results in injury to one using the same, in the absence of express statute, and the board of county commissioners is without legal authority to bind the county by contract to pay such character of claim.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Seminole County; Thomas O. Criswell, Judge.

Action by W. I. Barker against the Board of County Commissioners of Seminole County. From an order overruling defendant's demurrer to plaintiff's petition, and from a judgment based thereon, defendant brings error. Reversed, with directions.

This action was commenced in the county court of Seminole county November 17, 1924, by plaintiff filing therein his petition against the defendant, wherein it was alleged in substance that or or about July 18, 1924, plaintiff entered into a verbal contract with the defendant board, whereby said defendant agreed and promised to pay to plaintiff the sum of $650 as a compromise and settlement of a claim held by him against the county arising by reason of injuries sustained by plaintiff's wife in an accident caused by the defective condition of a certain bridge maintained by Seminole county, and over which plaintiff's wife was passing when injured; that plaintiff's wife sustained injury by reason of the faulty construction of said bridge, and that the sum of $650 was agreed upon between plaintiff and the defendant board as the amount which plaintiff should receive in settlement for such claim of injury; that he thereafter filed his claim for said sum with said board, but that same was disallowed for lack of funds with which to pay the same; that this plaintiff sues upon his contract so made and entered into as aforesaid, and not upon any claim for damages by reason of said injury. Plaintiff's prayer was for judgment in the said sum of $650 with interest at 6 per cent, and costs.

Defendant filed a demurrer to the petition of plaintiff, but, without any action thereon, thereafter filed its answer consisting of a general denial. On April 13, 1925, when the case was called for trial defendant asked leave of the court to withdraw its answer, and to file a special demurrer to plaintiff's petition, and this request was granted by the court with the express understanding entered on the record that if said demurrer should be overruled defendant elected to stand thereon and that no further pleadings would be filed in the action. Thereupon defendant filed its special demurrer to the petition on the grounds:

"(1) That the purported contract sought to be enforced in this action is ultra vires and void.

"(2) That said petition shows upon its face that said purported contract is in contravention of constitutional inhibitions against the creation of debts by the board of county commissioners.

"(3) That said petition shows on its face that said purported contract is in contravention of constitutional inhibitions against the diversion of public funds.

"(4) That said petition shows upon its face that said contract is void for the reason that the same is without consideration, and is beyond the power and authority of the board of county commissioners to make."

After hearing argument upon the demurrer the trial court withheld his ruling there-

on, and permitted plaintiff to introduce his evidence in support of the cause of action alleged in his petition over the objections of the defendant that no issues of fact had been joined, and that the evidence was, therefore, incompetent, irrelevant, and immaterial. At the conclusion of plaintiff's evidence the court overruled the demurrer of defendant, and entered its judgment in favor of plaintiff for the amount claimed. From the order overruling its demurrer to plaintiff's petition, and from the judgment rendered thereon upon defendant's election not to plead further, defendant has brought the case here for review.

W. A. Billingsley, Homer H. Bishop, and Hart & Banta, for plaintiff in error.

Hill & Criswell, for defendant in error.

Opinion by LOGSDON, C. The sole question presented for determination by this proceeding is whether the petition of plaintiff stated facts sufficient to constitute a cause of action against the board of county commissioners. It is clearly evident in this case that unless a liability existed against Seminole county, by reason of the injury sustained by plaintiff's wife through defective construction of the bridge in question by Seminole county, there is no authority in law to support the contention that the board of county commissioners was authorized and empowered to enter into the contract here involved in settlement and compromise of said claim for injury.

It is well settled by decisions of this court that counties and townships within this state are merely quasi municipal corporations serving as agencies of the state, and are clearly distinguishable in their powers and liabilities from purely municipal corporations, such as cities. The reason for the distinction is thus stated in Dillon on Municipal Corporatons (5th Ed.) vol 1, sec. 37:

"They are involuntary political or civil divisions of the state, created by general laws to aid in the administration of government. * * * They are purely auxiliaries of the state; and to the general statutes of the state they owe their creation, and the statutes confer upon them all the powers they possess, prescribe all the duties they owe, and impose all the liabilities to which they are subject."

That these quasi municipal corporations are not liable for the negligent construction of bridges or highways has been determined by this court, and is no longer an open question. James v. Trustees of Wellston Township, 18 Okla. 56, 90 Pac. 100;

Howard v. Rose Township, 37 Okla. 153, 131 Pac. 683; Welker v. Annett et al., Board of County Commissioners of Pawnee County, 44 Okla. 520, 145 Pac. 411.

There being no primary liability against the county for the negligent construction of the bridge in question, it must follow necessarily and logically that no part of the funds of the county could have been set apart by the excise board for the purpose of paying such a claim. Under such circumstances the commissioners were wholly without authority to enter into any contract by which it was attempted to fix an indebtedness upon the county for such an illegal claim. Comp. Stat. 1921, section 8638, provides:

"It shall be unlawful for the board of county commissioners, the city council, or the commissioners of any city, the trustees of any town, board of education, township board, school district board, or any member or members of the aforesaid commissioners, or of any of the above named boards, to make any contract for, incur, acknowledge, approve, allow, or authorize any indebtedness against their respective municipality, or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contracts incurred, acknowledged, approved, allowed, or authorized, in excess of the estimate made and approved for such purposes for such current fiscal year or in excess of the specific amount authorized for such purpose by a bond issue, shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving, or authorizing, or attesting such indebtedness, or from his bondsmen."

For the reason above stated, and upon the authorities above cited and quoted from, the order and judgment of the trial court here involved are vacated, and the cause reversed and remanded, with directions to the trial court to enter an order sustaining the special demurrer of the defendant to the petition of plaintiff and dismissing the action.

By the Court: It is so ordered.

Note.—See 15 C. J. p. 389, § 1; p. 392, § 2; p. 568, § 272; p. 569, § 272; p. 570, § 273; 21 L. R. A. (N. S.) 209; L. R. A. 1916F, 522; 4 R. C. L. 224; 1 R. C. L. Supp. p. 1091.