## BOARD OF COM'RS OF STEPHENS COUNTY v. GRAHAM.

No. 29152.  Sept. 30, 1941.

Rehearing Denied Dec. 23, 1941.

*120 P. 2d 972.*

Arthur J. Marmaduke, County Atty., and J. P. Speer, Asst. County Atty., both of Duncan, for plaintiff in error.

Paul D. Sullivan, of Duncan, for defendant in error.

GIBSON, J. This is an action by a landowner against a county to recover damages growing out of the alleged wrongful construction of a highway across his premises. Verdict and judgment were for plaintiff, and the defendant county appeals.

As a defense it is alleged that the road was constructed by one of the county commissioners on his own initiative and without sanction or official act of the board of county commissioners, and that the construction of the road had not been adopted or ratified by the board. The defendant does not purport to hold possession of the land under its power of eminent domain, but merely disavows the actions of the one commissioner as aforesaid and refuses to pay the damages resulting to the land.

It appears from the record that the opening of the road across plaintiff's land was the individual act of one of the county commissioners without authorization or ratification by the board in its official capacity. Neither of the other two commissioners had taken any part in the matter. Defendant contends that under such circumstances the taking of the land and construction of the road were not acts of the county, and the county is therefore not liable in damages. Certain of our decisions dealing with contractual obligations of the county are cited in support of this contention, but, since the action is one in tort, those cases will not be discussed here.

Except for the one contention that the county is not liable for the torts of its officers, the remedy pursued by plaintiff is not questioned. We have a statute relating to the condemnation of lands for road purposes by the county commissioners, and providing a remedy for the landowner. Section 10143, O. S. 1931, 69 Okla. Stat. Ann. § 363. Since the parties make no reference to that section, its provisions will not be considered here.

Counties are not ordinarily liable for the torts committed by their county commissioners. Welker v. Annett, 44 Okla. 520, 145 P. 411. But this court has held that the informal appropriation of property for road purposes by the official act of such officers may be treated as a tortious act of the county for which an action in damages will lie on the theory that private property may not be taken for public use without just compensation. Board of Com'rs of Rogers County v. Baxter, 113 Okla. 280, 241 P. 752; see, also, Morse v. Board of Com'rs of Marshall County, 169 Okla. 600, 38 P. 2d 945.

Assuming, however, that under the above decisions an action in damages may be maintained against the county by one whose property has been taken by the county for road purposes, the appropriation of such property must be authorized by the board of commissioners in its official capacity before the county may be charged with the dam-

ages. In other words, the appropriation must be the act of the county through its proper officers. Until that is accomplished, it cannot be said that the property has been applied to a public use. Proper public use is the foundation of the action.

Land taken by county officers or employees without official sanction of the board of commissioners does not immediately inure to the public use, and such taking may be enjoined by the owner. Salyer v. Jackson, 105 Okla. 212, 232 P. 412. The county is bound only by the acts of the county commissioners as a body when in session. Board of Com'rs of Garfield County v. Anderson, 167 Okla. 253, 29 P. 2d 75. In that case we said:

"It is safe to say that in every instance where the question of handling the business of the county or dealing with the property of the county has been before this court, it has been held that the county is bound only by the acts of the county commissioners as a body when in session, and that acts of the several members individually are not binding upon the county."

Numerous decisions are cited in support of the statement, and the syllabus states the holding of the court as follows:

"The statutes which provide for a board of county commissioners also provide for the time and place of the meeting of such board, how they shall transact business and the record they shall keep of all transactions had on behalf of the county. Under this law a board of county commissioners can only act so as to bind the county while they are sitting in session as a board. Individual action by members of the board does not bind the county."

The statutes referred to therein are to be found in chapter 35, art. 16, O. S. 1931, 19 Okla. Stat. Ann. § 326, et seq.

The act of the single commissioner in entering upon the land in the instant case was not the act of the board, and therefore not the act of the county. It follows that the county cannot be held for the resulting damages.

The judgment is reversed.

WELCH, C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and OSBORN, J., dissent. RILEY, J., absent.