STATE of Oklahoma ex rel. G. T. BLANK-ENSHIP, Attorney General, Plaintiff,

v.

ATOKA COUNTY et al., Defendants.

No. 43391.

Supreme Court of Oklahoma.

June 24, 1969.

G. T. Blankenship, Atty. Gen. of Oklahoma, W. J. Monroe, First Asst. Atty. Gen., Oklahoma City, for plaintiff.

Stamper & Otis, Antlers, Bob E. Bennett, Ada, for defendants.

JACKSON, Justice.

This is an original action for mandamus by the plaintiff, State of Oklahoma on relation of the Attorney General, against the Boards of County Commissioners and the Excise Boards, and the individual members thereof, of Atoka and Coal Counties.

Briefly stated the facts are that appropriations were made in Atoka and Coal Counties to pay one-half of the salary of one assistant district attorney in each of said counties for all or a portion of the fiscal year ending June 30, 1969.

The Attorney General brought actions in the district courts of Coal and Atoka Counties for mandamus to compel the Boards of County Commissioners and the Excise Boards of those counties to make supplemental appropriations for a portion of the salaries of an investigating officer and secretary for the district attorney, and to require the Boards of County Commis-

sioners in each to approve claims to pay one-half of the salaries of one assistant district attorney in each of those counties, as well as their respective shares of the salaries of an investigator and secretary. No relief was obtained in the district court and plaintiff has brought this original action in this court to obtain the relief that was denied by the district court.

This court must assume jurisdiction of the controversy effecting the employment of assistant district attorneys.

The office of county attorney was abolished by the provisions of 19 O.S.Supp. 1968, Sec. 215.19, as the legislature was authorized to do by the provisions of Article 17, Section 2, Oklahoma Constitution. The office of district attorney was created, 19 O.S.Supp.1968, Sec. 215.1, and the duties of the district attorney and his deputies are essentially the same as those performed by former county attorneys. 19 O.S.Supp. 1968, Sections 215.4, 215.5 and 215.16. Each District Attorney is entitled to have one Assistant District Attorney in each of his counties and the county is required to pay one-half of the salary of its Assistant District Attorney. 19 O.S.Supp.1968, Sections 215.14 and 215.15.

■ We are aware that the enforcement of the criminal laws of the state will be impaired in these counties if they are without Assistant District Attorneys. It is alleged in plaintiff's petition that the Assistant District Attorneys in Coal and Atoka Counties are threatening to resign because the County Commissioners in these counties are not contributing funds to pay one-half of their salaries as required by Section 215.14, supra. Under these circumstances it is the duty of this court to assume jurisdiction, and grant relief if the plaintiff has a clear legal right thereto. State ex rel. City of Shawnee v. Short, 113 Okl. 187, 240 P. 700. In Davis v. McCarty, Okl., 388 P.2d 480, we held:

"The Oklahoma Supreme Court may never be authorized to act, or fail to act, so as to put an end to the existence of any co-ordinate branch of state government, and any co-ordinate branch of state government may not be permitted to destroy itself.

The reason assigned by the Boards of County Commissioners of Atoka and Coal Counties for discontinuing the payment of one-half of the salaries of their Assistant District Attorneys is that under Section 215.14, supra, the Assistant District Attorney in each of those counties is a state officer for payroll purposes, and under Article X, Section 9, Oklahoma Constitution, ad valorem tax revenues may not be used for State purposes. In pertinent part, that section as amended in 1933, provides:

"No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes."

■ As heretofore noted a District Attorney and his Assistant in each county perform essentially the same duties and functions as were previously performed by county attorneys. County Attorneys were classified as county officers in Article 17, Section 2, Oklahoma Constitution, along with other county officers therein named. In a broad sense all county officers are officers of the state, since counties are auxiliaries of State government. Board of Comr's of Seminole County v. Barker, 119 Okl. 206, 249 P. 296; Frantz et al. v. Autry, 18 Okl. 561, 91 P. 193; Herndon v. Anderson, 165 Okl. 104, 25 P.2d 326, and Whitehead v. Galloway, 60 Okl. 53, 153 P. 1101.

■ While a county attorney performed many state and county functions prior to and after the adoption of Art. X, Sec. 9, as amended in 1933, no one has contended that it was unlawful to pay the salary of a county attorney with ad valorem tax revenues, or that the financial burdens of county government, as auxiliary to State government, were shifted to the state by the adoption of the amendment.

The District Attorney and his deputies defend and prosecute all actions in which the counties of his district are interested

and give legal advice to county officials. 19 O.S.Supp.1968, Secs. 215.4, 215.5, and 215.16. In Excise Board of Stephens County v. Chicago, R. I. & P. Ry. Co., 168 Okl. 523, 34 P.2d 268, we held that an ad valorem tax levied for the purpose of financing a biennial county audit did not offend Art. X, Sec. 9, Const., since the audit was for the benefit of the county. In the body of that opinion we said: "The purpose of the levy must be judged by the object to be accomplished thereby." In the instant case the object to be accomplished by the District Attorney Act was to obtain a more effective performance of the duties theretofore imposed upon the county attorney. We hold that Section 215.14, supra, requiring Atoka and Coal Counties to pay one-half of the salaries of one Assistant District Attorney in their respective counties does not offend Art. X, Sec. 9, Oklahoma Constitution.

■ Section 215.14, supra, which classifies Assistant District Attorneys as "State officers for payroll purposes" was inserted for convenience for pay purposes only. They were not classified as State officers for any other purpose.

■ Section 215.14, supra, provides that the entire salaries of all investigators, clerks, secretaries, stenographers, or other employees of the District Attorney (other than Assistant District Attorneys) shall be paid by the counties in the district in the proportion which the population of each county in the district bears to the population of the entire district. It is to be observed, however, that the District Attorney is limited by the provisions of Section 215.-15, supra, so that "The total number of the District Attorneys and Assistant District Attorneys and assistants, investigators, clerks and stenographers shall not exceed a number equal to the number of county attorneys and assistants, investigators, clerks and stenographers, employed in the offices of county attorneys in the counties within said district upon the effective date of this Act." Within the limitations imposed by Section 215.15, supra, the District Attorney is authorized by that section to appoint as many employees as he deems necessary for the proper performance of his duties. Under Section 215.14, supra, each county pays one-half of the salary of one resident Assistant District Attorney, the total salary of any other resident Assistant District Attorneys; and each county pays its proportionate share of the salaries of all other employees of the District Attorney as limited in number by the provisions of Section 215.15, supra. In the instant case the trial court found that the employment of a Special Investigator "exceeds by one (1) the total number of employees authorized by Statute (Sec. 215.15, supra) in this District."

In this connection it is noticed that the amendment of Section 215.15, as amended in 1967, provides that "Each district *shall*, at the request of the District Attorney have at least one District Investigator (emphasis supplied). But in 1968, Section 215.15 was amended to provide that each district *may*, at the request of the District Attorney, have at least one District Investigator, and added the following language:

"(P)rovided, however, that in any district having a population of thirty thousand (30,000) or more, according to the 1960 Federal Decennial Census or any succeeding Federal Census, the District Attorney *shall* have the right to one District Investigator." (emphasis added.)

■ We are of the view that the Legislature intended by the amendment of Section 215.15 in 1968 to permit each District Attorney to have one District Investigator over and above the number of employees authorized by the Act (Sec. 215.15) in 1965 in districts having a population of 30,000 or more, at the expense of the counties of the district. The amendment in 1968 does not suggest that the appointment of a District Investigator in districts having a population of 30,000 or more will diminish the total number of employees authorized by Section 215.15 as adopted in 1965.

■ We are of the opinion that the employees of the District Attorney, autho-

rized by Section 215.15, as amended in 1968, to be appointed by the District Attorney to serve the entire district, are performing functions which were originally cast upon county attorneys. Each county of the district obtains their services and is assisted thereby. The statutory arrangement for the payment of their salaries by the counties benefited does not offend Art. 10, Sec. 9, Okla.Const.

The admitted facts in pleadings and briefs in this case are not sufficient for us to determine whether mandamus should issue to compel the defendants to pay the salaries of the District Investigator and the District Secretary during this fiscal year. We are unable to determine with certainty whether the District Attorney requested an appropriation for such salaries in each county. We are unable to determine whether funds are available for supplemental appropriations, or can be made available. While we are of the opinion that the District Attorney was entitled to a District Investigator and District Secretary at the expense of the counties of his district, there is less reason for us to take jurisdiction in this original action to insure the employment of a District Investigator and District Secretary than there is for us to take jurisdiction to insure the employment of an Assistant District Attorney in Coal and Atoka Counties. Accordingly this court makes no decision and no order in connection with the salaries of the Investigator and Secretary of the District Attorney, and refuses to assume original jurisdiction for such purpose.

Consistent with the foregoing, the Boards of County Commissioners of Atoka and Coal Counties, and the individual members thereof, are directed to approve any lawful claims to pay one-half of the salaries of their respective Assistant District Attorneys for any services rendered during the current fiscal year out of the funds that are appropriated for such purpose, together with any other funds that may be made available by supplemental appropriations for such purpose. Application to assume jurisdiction in connection with the salaries of the District Investigator and District Secretary is denied.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and LAVENDER, JJ., concur.

HODGES and McINERNEY, JJ., concur in result.