DISTRICT ATTORNEY'S INVESTIGATOR A District Attorney's Investigator has the power to carry a firearm; is able to make arrests as a law enforcement officer; and is not limited in his job to simply carrying out the District Attorney's directives in the investigation of matters related to that office. The Attorney General has considered your request for an opinion, wherein you ask, in effect, the following questions: 1. Does a District Attorney's Investigator have the power to carry a firearm? 2. Can he make arrests? 3. Are his duties the same as any peace officer in the State, or is he limited to carrying out the District Attorney's directives in an investigation of matters related to that office? Prior to the enactment of the statute creating the office of the District Attorney in the State of Oklahoma in 1965, there was, in 19 O.S. 203 [19-203] (1961), statutory language creating, in counties of a certain population, the position of Investigator for the County Attorney's office. This statute also set out certain qualifications necessary for persons holding such positions. However, upon the enactment of 19 O.S. 215.1 [19-215.1] (1971), et seq., the law creating the office of District Attorney, 19 O.S. 203 [19-203] (1961), was repealed. Section 19 O.S. 215.15 [19-215.15] of this Act provides that each District Attorney may, "appoint such assistants, investigators, clerks and stenographers as he shall deem necessary for the proper performance of his duties . . ." This statute providing the authority for appointment of the District Attorney's Investigator does precisely that and nothing else. It does not set forth the qualifications, responsibilities, duties, powers or functions of such an officer. All other references to District Attorney's Investigators deal with such matters as bonds (Section 19 O.S. 215.3 [19-215.3]), salaries and retirement (Section 215.14), office space (Section 19 O.S. 215.17 [19-215.17]), a retirement system (Section 19 O.S. 215.18 [19-215.18]), and travel expenses (Section 215.14). Since the enactment of the District Attorney Act, there has been only one decision by the Oklahoma Supreme Court, State ex rel. Blankenship v. Atoka County, Okl., 456 P.2d 537 (1969), and two Attorney General's Opinions, No. 68-157 and No. 69-249, which deal with District Attorney's Investigators, but none of which relate to their duties, responsibilities, or powers. In 1971, the Legislature passed the Uniform Controlled Dangerous Substances Act, included in 63 O.S. 2-101 [63-2-101] to 63 O.S. 2-610 [63-2-610] (1975). Contained in this Act is a reference to District Attorney's Investigators, specifically mentioned in Section 2-101, paragraph 24, as follows: " 'Peace Officer' means a police officer, sheriff, deputy sheriff, district attorney's investigator or any other person elected or appointed by law to enforce any of the criminal laws of this state or of the United States." The purpose of Section 63 O.S. 2-101 [63-2-101], supra, was to set out the definitions of all terms used throughout the entire Act. Further, in the Act in Section 63 O.S. 2-501 [63-2-501], the specific powers of a peace officer are set out as follows: "Any peace officer may: 1. Carry firearms; 2. Execute search warrants, arrest warrants, subpoenas and summonses issued under the authority of this state; 3. Make an arrest without warrant of any person he has probable cause for believing has committed any felony under this act or a violation of Section 2-402; 4. Make seizures of property pursuant to the provisions of this act; and 5. Perform such other lawful duties as are required to carry out the provisions of this act." Further, since the passage of the latter legislation, the Legislature has not defined or enumerated the qualifications, powers and duties of District Attorney's Investigators, either specifically as in the Uniform Controlled Dangerous Substances Act, or generally in regard to the enforcement of all criminal statutes. Therefore, in the absence of any more specific legislation, the Legislature's intent with regard to the duties, powers, and qualifications of District Attorney's Investigators must be derived from the statutes now existing. In regard to the first and second enumerated powers of enforcement personnel, as set out in Section 63 O.S. 2-501 [63-2-501], the District Attorney's Investigator as a peace officer may, unequivocally, carry firearms and execute search warrants, arrest warrants subpoenas and summonses issued under the authority of the State. The three remaining powers of enforcement personnel, as outlined by that section, relate directly to actions committed by such a peace officer in enforcing the Uniform Controlled Dangerous Substances Act. Even though the designation of a District Attorney's Investigator as a peace officer, as set out in 63 O.S. 2-101 [63-2-101] (1975), paragraph 24, and the further enumeration of the powers of such a peace officer as set out in 63 O.S. 2-501 [63-2-501] (1974), are set out as relating to the activities of such an officer with regard to his enforcement of the Uniform Controlled Dangerous Substances Act, it would be nonsensical to hold that such an officer loses these powers of a peace officer when operating to enforce all other criminal laws not concerned with the Drug Act. The Legislature has, in two other instances, defined the term "peace officer" and enumerated the specific powers of such persons. Title 21 O.S. 99 [21-99] (1971) defines a " peace officer " as follows: "The term 'peace officer' signifies any sheriff, constable or policeman, and any other officers whose duty it is to enforce and preserve the public peace . . . " In 70 O.S. 3311 [70-3311] (1974), paragraph 4, is found the following definition: "For purposes of this section, a police or peace officer is defined as a fulltime duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and city ordinances of this state, and any political subdivision thereof . . . " Building upon the premise that a District Attorney's Investigator has, by the terms of 63 O.S. 2-101 [63-2-101] (1975), paragraph 24, been defined as a peace officer, it is proper to consider any other statutes relating to such a position. The two statutory definitions of a peace officer just quoted above serve to enlarge upon the powers of peace officers as set out in 63 O.S. 2-501 [63-2-501] (1974), and, by definition, give a person so designated the unrestricted power to enforce all criminal laws of the State of Oklahoma. Therefore, taking into consideration the specific powers and duties given to District Attorney's Investigators under the Uniform Controlled Dangerous Substances Act and in consideration of the statutes giving all-inclusive powers and duties to peace officers in general, District Attorney's Investigators are thereby granted the full powers and duties of any peace officer within the State. Included in the finding that District Attorney's Investigators are so empowered, however, is the recognition that, as peace officers, said Investigators must also meet the qualifications of the education and training requirements of Oklahoma Law, as set out in 70 O.S. 3311 [70-3311](g)(1) (1974). It is, therefore, the opinion of the Attorney General that your question be answered as follows: District Attorney's Investigators are peace officers with the right to carry firearms and to make arrests, provided that such investigators must be certified as having met the education and training requirements of 70 O.S. 3311 [70-3311] (1974). A District Attorney's Investigator is directly responsible to the District Attorney and has the duty to assist him in the proper performance of his duties as directed by the District Attorney. (James L. Swartz)