ELECTIONS A secretary of a county election board is a county rather than a state officer. The Attorney General has considered your request for an opinion wherein you ask the following question: "Is a County Election Board Secretary considered to be a county officer or a state officer?" The secretaries of county election boards in the various counties are appointed under the authority of 26 O.S. 2-112 [26-2-112] (1976), by the State Election Board and may be removed at any time. Under 26 O.S. 2-118 [26-2-118] (1976), secretaries of county election boards are paid an annual salary based on the number of registered voters within the county. One-half of the secretary's salary is paid from state funds and one-half from county funds. A secretary may also be paid an additional monthly salary from state funds based on a schedule contained in 26 O.S. 2-118 [26-2-118] (1976). It should be noted that it is the mandatory duty of the county excise board to appropriate adequate funds for the operating expenses of the county election board in the discharge of its duties and responsibilities. 26 O.S. 2-119 [26-2-119] (1976). It is apparent that the secretaries of county election boards are on analogous footing with certain assistant district attorneys who are compensated by a combination of state and county funds. Under 19 O.S. 215.14 [19-215.14] (1971), each county of the state is required to pay one-half of the salary of one resident assistant district attorney and the total salary of any other resident assistant district attorneys. The same section classifies assistant district attorneys as state officers for payroll purposes. However, in the case of State of Oklahoma, ex rel. Blankenship v. Atoka County, Okl., 456 P.2d 537
(1969), the Oklahoma Supreme Court viewed the assistant district attorney as a state officer for payroll purposes only and a county officer for all other purposes. The Court concluded that the county's payment of a portion of the salary of an assistant district attorney, a person appointed by a state officer, i.e., the district attorney, and compensated partially by state money, was not in violation of Article X, Section 9 of the Oklahoma Constitution, which prohibits the levy or use of ad valorem tax revenues for state purposes. Even though the secretary of the county election board is appointed by the State Election Board and partially compensated by the state, the functions performed are essentially county functions. It should be noted, in this regard, that a county election board secretary has no authority or responsibility outside the boundaries of the county, and that to be eligible for membership on a county election board a person must be a registered voter of the county in which he serves as secretary. See, 26 O.S. 2-131 [26-2-131] (1976). It must be concluded in light of the functions performed by the secretary of the county election board that he or she is a county officer. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A secretary of a county election board is a county rather than a state officer. (MICHAEL CAUTHRON) ** SEE: OPINION NO. 79-040 (1979) **