Dear Senate, Pierce
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Would the implementation of 47 O.S. 1147 (1987), violateArticle X, Section 9, of the Oklahoma Constitution, whichprohibits county ad valorem tax revenues from being expended forstate purposes?
¶ 1 Title 47 O.S. § 1147[47-1147] in its entirety reads as follows:
 The [Oklahoma Tax] Commission may designate the office of county treasurer of any county within the state as a motor license agent.
¶ 2 Article X, Section 9, of the Oklahoma Constitution provides in pertinent part:
 No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes.
¶ 3 The bulk of the budget for the county treasurer's office, of course, comes from the county's ad valorem tax revenues.See, Article X, Oklahoma Constitution, generally. To the extent that 47 O.S. 1147 could be implemented by use of non-ad valorem county revenues it, of course, would not violate Article X, Section 9, of the Constitution. We assume for the remainder of this opinion that at least some county ad valorem revenues would be tapped for any implementing of 47 O.S. 1147.
¶ 4 The duties of motor license agents in Oklahoma include collecting motor vehicle excise taxes and registration fees for motor vehicles and boats and issuing appropriate certificates therefor. These agents also issue drivers' licenses and perform other incidental duties. See, 47 O.S. 1140 (1987) et seq., generally. In performing these duties are they carrying out a "state purpose"? We think that clearly they are. The collecting of motor vehicle taxes and fees, etc., has always been performed through a state agency, originally by the Oklahoma Highway Department headed by a single Commissioner, later by a three-person Highway Commission, and still later as today by the Oklahoma Tax Commission. Something of an early history of the development of such taxes and fees is found in Riggs v.Leininger, 278 P. 344 (Okla. 1929), wherein the Oklahoma Supreme Court upheld the implied power of the Highway Commission to appoint the special agents we know today as motor license agents. Also it is to be noted that the highest percentage (46.67%) of the revenue collected by the agents is apportioned to the general revenue fund of the state treasury. See, 47 O.S. 1104(B)(2) (1987).
¶ 5 However, our inquiry does not end here. In Herndon v.Anderson, 25 P.2d 326 (Okla. 1933), the Oklahoma Supreme Court upheld the payment of salaries for certain Superior Court judges out of their respective county court funds (ergo, not ad valorem tax revenues) but said therein:
 Our Constitution does not in any manner attempt to define the difference between a state purpose and a local or county purpose, but places the matter in the Legislature.
25 P.2d at 333 (Emphasis added).
¶ 6 Herndon has been cited or quoted in most of the Oklahoma cases that have dealt with the pertinent part of Article X, Section 9, of the Oklahoma Constitution, although not in the most recent case: State ex rel. Department of Human Services v.Malibie, 630 P.2d 310 (Okla. 1981). In Malibie the Oklahoma Supreme Court upheld an Attorney General Opinion (No. 80-063) holding that there was a constitutional violation in an act requiring counties to levy ad valorem taxes for a crippled children's program administered by the State's Department of Human Services. The Malibie opinion emphasized that the county's participation in the program was only to collect the tax revenues and forward them to the State Department. In cases holding no violation of our pertinent part of the Constitution the Court usually has emphasized that the counties concerned directly benefit from certain programs even though they may be administered by the State. This was particularly true in Stateex rel. Blankenship v. Atoka County, 456 P.2d 537 (Okla. 1969), which upheld the use of county ad valorem tax revenues to fund salaries for assistant district attorneys, in part at least because district attorneys and their assistants do advise county officers.
¶ 7 Also pertinent to our inquiry although not conclusive is the case of Pawnee County Excise Board v. Kurn, 101 P.2d 614
(Okla. 1940), interpreting and applying Article X, Section 20, of the Oklahoma Constitution. Article X, Section 20 is something of a counterpart to Article X, Section 9 in that it provides that the State Legislature shall not impose a tax for county purposes. The subject tax dealt with in Kurn was the same motor vehicle tax collected by motor license agents as those with which we are concerned, although the allocations of the tax revenues differed at the time. The Court said that under the then applicable apportionment statutes:
 We think there can be no doubt from a consideration of these acts in their entirety that the purpose of the tax levy in each instance is to provide for and promote the public road program which is inherently and by our Constitution a proper state purpose.
101 P.2d at 616.
¶ 8 The Kurn opinion nevertheless held that it was proper for motor vehicle tax revenues in part to be used for the purpose of retiring county road bonds.
¶ 9 We note that the current allocation statute still gives counties some shares in the motor vehicle tax and fee revenues, to-wit: seven percent for county highways, two and one-half percent for matching federal aid for certain county road purposes, three and one-half percent for the County Bridge Program, and eight-tenths of one percent for the county general fund. See, 47 O.S. 1104(B)(4), 47 O.S. 1104(B)(5), 47 O.S.1104(B)(6), and 47 O.S. 1104(B)(7) (1987).
¶ 10 From the fact that the counties do receive some substantial benefits from the motor vehicle tax and fee revenues and relying principally upon the Atoka County case, supra, we conclude that the performing of motor license agents duties by the county treasurer's office would not violate Article X, Section 9, of the Oklahoma Constitution.
¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that the implementation of 47 O.S. 1147 (1987),relating to designating the office of county treasurer as a motorlicense agent, does not violate Article X, Section 9, of theOklahoma Constitution, which prohibits county ad valorem taxrevenues from being expended for state purposes.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH H. COLLUM ASSISTANT ATTORNEY GENERAL