Dear Representatives Howard Cotner,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Do the provisions of 11 O.S. 36-113 (1988), as amended byOkla. Sess. Laws 1989, c. 162, 1, specifically the languagerelating to the payment of costs of constructing, improving,repairing, or maintaining municipal streets out of the countyhighway fund, violate the Oklahoma Constitution?
¶ 1 Title 11 O.S. 36-113 in its amended form now reads as follows:
 The Department of Transportation may, or the board of county commissioners of any county shall, by agreement with the governing body of a municipality having a population less than two thousand five hundred (2,500), construct, improve, repair or maintain any of the streets of the municipality. The agreement between the board of county commissioners and the municipal governing body may or may not be made to include any cost to the municipality. If so agreed, the costs to construct, improve, repair, or maintain any of the streets of the municipality may be paid out of the county highway fund. Provided, however, the board of county commissioners may, by agreement with the governing board of a municipality with a population of less than five thousand (5,000), construct, improve, repair or maintain any of the streets of the municipality.
The underscoring shows the language added by Okla. Sess. Laws 1989, c. 162, 1.
¶ 2 In its prior form without any relevant differences and as previously codified this statute was construed by the Attorney General in Opinion Nos. 63-159 and 71-294. These prior opinions concluded that certain statutory restrictions generally prohibited use of monies from a county highway fund for constructing, improving, etc., municipal streets, and did not discuss any possible constitutional restrictions or prohibitions. (Certain specific exceptions to the general conclusion were recognized in the opinions.)
¶ 3 It appears that by adding the, new language in 1989 the Legislature intended to remove any statutory restrictions as noted in the two opinions. In determining whether any constitutional restrictions now apply we look in this opinion as we did in the two prior opinions to the nature and sources of monies for the county highway fund. Both opinions noted that there are multiple sources of monies for the fund. Presently the fund shares in the motor fuel tax (see 68 O.S. 501 (1981) et seq. as amended), the motor fuel-diesel fuel importer for use tax (see 68 O.S. 601 (1981) et seq. as amended), the special fuel use tax (see 68 O.S. 701 (1981) et seq. as amended), the gross production tax (see 68 O.S. 1001 (1981) et seq. as amended), and the fees, taxes and penalties collected pursuant to the Oklahoma Motor Vehicle License and Registration Act (see 47O.S. 1101 (1988) et seq.). It is to be noted that all of these sources of monies for the county highway funds of the respective counties are provided for in state statutes and are collected by the state.
¶ 4 Article X, Section 20, of the Constitution of Oklahoma provides:
 The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes.
¶ 5 In Pawnee County Excise Board v. Kurn, 101 P.2d 614
(Okla. 1940), the Oklahoma Supreme Court ruled that this constitutional provision does not preclude the Legislature from apportioning part of the motor vehicle license tax to the counties even when part of the apportionment is earmarked for paying off county road bonds. The Court's opinion says:
It is well settled that the Legislature may levy a tax for a purpose in which the state had a sovereign interest and such interest extends to the construction and maintenance of roads.
101 P.2d at 617. (Citations omitted.)
¶ 6 It is our opinion that the reasoning and holding of this opinion apply to all of the state-collected monies apportioned to the county highway fund. We therefore find no violation of Article X, Section 20, of the Oklahoma Constitution.
¶ 7 The state-collected monies are not the only sources of revenue for the county highway fund. County ad valorem tax revenues may be appropriated to the county road fund by the county excise board. See 69 O.S. 1503 (1981). But Article X, Section 9, of the Constitution says in pertinent part:
 No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes.
¶ 8 Supreme Court cases interpreting this constitutional provision have limited its application to instances where it appears that a solely state purpose is served. See, for example, State Dep't. of Hurnan Services v. Malibie,630 P.2d 310 (Okla. 1981). The Court generally has said that this provision does not apply where a local government purpose is served along with any state purpose. See, for example, State exrel. Blankenship v. Atoka County, 456 P.2d 537 (Okla. 1969),and Excise Board of Stephens County v. Chicago, R.I. P. Ry. Co., 34 P.2d 268 (Okla. 1934).
¶ 9 The construction, improvement, etc., of streets of a municipality clearly serve a local government purpose. We therefore conclude that there is no state constitutional prohibition against use of ad valorem tax revenues from the county highway fund on municipal streets.
¶ 10 We are not aware of any other constitutional provisions that warrant discussion in reference to 11 O.S. 36-113 as amended. There is, of course, a presumption that statutes are constitutional, and they will be upheld unless "clearly, palpably and plainly inconsistent with the Constitution." Reherman v.Oklahoma Water Resources Board, 679 P.2d 1296 (Okla. 1984). Seealso Pawnee County Excise Board v. Kurn, supra.
¶ 11 We do not in this opinion discuss the extent to which the statutory restrictions discussed in A.G. Opinion Nos. 63-159 and 71-294, if any, may still be in force, or what exceptions, if any, may still apply.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that 11 O.S. 36-113 (1988), as amended by Okla. Sess.Laws 1989, c. 162, 1, specifically that part relating to thepayment of costs of constructing, improving, repairing, ormaintaining streets of a municipality out of the county highwayfund, does not violate Article X, Section 9 or Article X, Section20 of the Oklahoma Constitution, and is otherwiseconstitutional.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH H. COLLUM ASSISTANT ATTORNEY GENERAL