Dear Ms. Atwood:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is employment with a district attorney's office prior to January 1, 1983, creditable service for the purposes of the State longevity pay plan?
 To answer your question we must determine the extent and limits of theState longevity pay plan and the applicability of that pay plan toemployees of district attorneys' offices prior to January 1, 1983.[1]
 THE STATE LONGEVITY PAY PLAN
During the Thirty-Eighth Legislature in 1982, the State of Oklahoma established a longevity pay plan for certain State employees. In its original form, the State longevity pay plan provided, in pertinent part, as follows:
 1. A longevity pay plan is hereby adopted, effective July 1, 1982. This plan applies to all state classified, unclassified and exempt employees, excluding members of boards and commissions, institutions under the administrative authority of the State Regents for Higher Education, employees of public school districts and elected officials.
1982 Okla. Sess. Laws ch. 147, § 4[2] (emphasis added) (codified as 74 O.S. Supp. 1982, § 805.2[74-805.2]). *Page 2 
In the same legislative session, the statute creating the longevity pay plan was amended to also exclude "all employees of district attorneys' offices" from the benefits of the plan. 1982 Okla. Sess. Laws ch 340, § 21(A). The exclusion of employees of district attorneys' offices from the benefits of the longevity pay plan remained as part of the statute until 1989, when it was eliminated by 1989 Okla. Sess. Laws ch. 370, § 16(A).[3]
Under the State longevity pay plan, employees must:
 [H]ave been continuously employed in the classified or unclassified service of the state for a minimum of two (2) years in full-time status or in part-time status working more than one thousand (1,000) hours a year.
74 O.S.Supp. 2007, § 840-2.18[74-840-2.18](C) (emphasis added).
The amount of longevity pay depends on an employee's years of service as a State employee. Id. § 840-2.18(D).
While employees of district attorneys' offices did not become eligible to participate in the State longevity pay plan until 1989, their service as State employees prior to 1989 is used in calculating the amount of longevity pay they receive each year. The question at hand is when did employees of district attorneys' offices become State employees for State longevity pay purposes, so that their years of service can be used in calculating the amount of their annual longevity payment?
 EMPLOYEES OF DISTRICT ATTORNEYS' OFFICES DID NOT BECOME STATE EMPLOYEES FOR ALL PURPOSES, INCLUDING THE STATE LONGEVITY PAY PLAN, UNTIL JANUARY 1, 1983
In 1982, the Legislature enacted the following:
 B. Effective January 1, 1983, all appointees and employees of district attorneys shall be deemed to be state officers or employees for all purposes.
1982 Okla. Sess. Laws, ch. 340, § 11 (codified as 19 O.S.Supp. 1982, § 215.30[19-215.30]). The phrase, "Effective January 1, 1983," was eliminated by 1991 Okla. Sess. Laws, ch. 58, § 1(B). The operative statutory language remains unchanged otherwise. *Page 3 
The Office of District Attorney was created by 1965 Okla. Sess. Laws ch. 256, §§ 1 — 20 (codified as 19 O.S.Supp. 1965, §§ 215.1[19-215.1] — 215.20). Between 1965 and 1983, the Legislature frequently reviewed and amended the statutes applicable to district attorneys and their employees but during that period did not state clearly and unambiguously that such employees were State employees until the 1982 legislative session, when such employees were declared to be State employees effective January 1, 1983.
A possible argument to the contrary is that payment by the State of salaries of one or more assistant district attorneys somehow established an employment relationship with the State. Such a contention is unwarranted for at least two reasons. First, there is case law that holds that mere payment of wages is insufficient to establish the relationship of employer and employee. Madison v. Phillips Petroleum Co., 88 F.2d 515,518 (5th Cir. 1937); Thurston v. Hobby, 133 F. Supp. 205, 210
(W.D. Mo. 1955).
Second, while in 1968 the Legislature amended 19 O.S.Supp. 1967, § 215.14[19-215.14] to include a provision that said, "For all payroll purposes, all appointees and employees of District Attorneys shall be deemed to be state officers or employees as the case may be," the Oklahoma Supreme Court found that this language did not create an employment relationship. In State ex rel. Blankenship v. Atoka County,456 P.2d 537, 540 (Okla. 1969) the court found:
 Section 215.14, supra, which classifies Assistant District Attorneys as "State officers for payroll purposes" was inserted for convenience for pay purposes only. They were not classified as State officers for any other purposes.
Id.
While the court decision involved only assistant district attorneys, its logic extends to other appointees and employees of district attorneys' offices. The Legislature did not respond to the 1969Blankenship decision by amending the law. Rather, employees of district attorneys remained county employees until 1983, when the Legislature enacted 19 O.S.Supp. 1982, § 215.30[19-215.30](B), with an effective date of January 1, 1983. See 1982 Okla. Sess. Laws ch. 340, § 11(B).
The interpretation of statutory language is governed by certain well-recognized and accepted principles. The cardinal principle of statutory interpretation is to discover and give effect to the intent of the Legislature as expressed in the language of a statute. Cox v. Okla.Dep't of Human Serv., 87 P.3d 607, 614-15 (Okla. 2004); Blitz U.S.A.,Inc. v. Okla. Tax Comm'n, 75 P.3d 883, 888 (Okla. 2003). It is improper to interject into a statute words or phrases which alter the declared legislative language. Broadway Clinic v. Liberty Mut. Ins. Co.,139 P.3d 873, 881 (Okla. 2006); Seventeen Hundred Peoria, Inc. v. City ofTulsa, 422 P.2d 840, 843-44 (Okla. 1966). Similarly, statutory language should not be enlarged by interpretation that widens the scope of a statute even if it appears the legislative body inadvertently omitted a provision. Iselin v. United States, 270 U.S. 245, 250-51 *Page 4 
(1926); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374, 378
(D.C. Cir. 2005). If such enlargement is necessary, it must result from legislative action. Lamie v. United States Tr., 540 U.S. 526, 538
(2004).
Another well-recognized principle of statutory interpretation is that "[t]he Legislature is never presumed to have acted vainly or uselessly in enacting laws." Barzellone v. Presley, 126 P.3d 588, 601 (Okla. 2005); see Comer v. Preferred Risk Mut. Ins. Co., 991 P.2d 1006, 1014
(Okla. 1999).
Examination of 1982 Okla. Sess. Laws ch. 340, § 11 (codified as 19 O.S.Supp. 1982, § 215.30[19-215.30]) and its amendments, along with 1982 Okla. Sess. Laws ch. 340, § 21 (codified as 74 O.S.Supp. 1982, § 840-2.18[74-840-2.18]), and its amendments, in light of the established principles of statutory interpretation discussed above, leads us to conclude that both the State longevity pay plan and the statute declaring appointees and employees of district attorneys' offices to be State employees are clear, certain and unambiguous. We also conclude that the language of these statutes expresses the intent of the Legislature. We further conclude that if appointees and employees of district attorneys' offices were State employees prior to January 1, 1983, it would have been unnecessary and a useless act for the Legislature to enact a statute declaring that employment status effective January 1, 1983. Since the State longevity pay plan, by its statutory terms, only applies to State employees and employees of district attorneys' offices were not State employees until January 1, 1983, the service of those employees prior to January 1, 1983, may not be credited for benefits under the State longevity pay plan.
It is, therefore, the Official Opinion of the Attorney Generalthat:
 Employment with a district attorney's office prior to January 1, 1983, is not creditable service for purposes of calculating or receiving benefits under the State longevity pay plan.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WAYNE L. JOHNSON ASSISTANT ATTORNEY GENERAL
[1] This Opinion does not deal with the State Retirement System and its different eligibility requirements for benefits.
[2] The statutory language excluding elected officials from the longevity pay plan has remained in the statute since its initial enactment. Thus, district attorneys have never been eligible for benefits under the State longevity pay plan.
[3] The longevity pay plan was originally codified as 74 O.S.Supp. 1982, § 805.2[74-805.2]. In 1994 it was renumbered to 74 O.S.Supp. 1994, § 840-2.18[74-840-2.18]. See 1994 Okla. Sess. Laws ch. 242, § 54. *Page 1